37456, 37457. HALPERN v. ANOFF (two cases).

GREGORY, Justice.

In 1975 the parties in this case were divorced. Incorporated into the final decree was a settlement agreement which provided that appellee-husband pay $170 per month for each of the parties' three minor children. Paragraph 3(d) of the agreement provided that child support shall "be adjusted upward or downward in the same proportion as changes in the consumer price index for Urban Wage Earners and Clerical Workers (all items) for Atlanta, Georgia, compiled by the Bureau of Labor Statistics, United States Department of Labor."

In August of 1979, appellee instituted an action which, as amended, requested the trial court to set aside and declare null and void that portion of the decree which purported to automatically adjust his child support payments based on changes in the Consumer Price Index. As to that issue, both parties moved for a summary judgment. The trial court, relying on *Fitts v. Fitts,* 231 Ga. 528 (202 SE2d 414) (1973), granted appellee's motion for summary judgment

and denied appellant's motion for summary judgment, finding paragraph 3(d) void and unenforceable. The court's order further allowed appellee to deduct from future payments such amounts as were paid pursuant to that paragraph. We reverse.

*Fitts* dealt with a *jury verdict* providing for an adjustment to alimony based on the Consumer Price Index. This case involves a *settlement agreement* consented to by both parties. Generally speaking, "[w]here parties separate and by contract, as here, settle the right of their minor children for support and maintenance and such contract is approved by the trial judge and made a part of a final divorce decree, the courts will enforce the contract as made by them." *Gray v. Gray,* 222 Ga. 641, 642 (151 SE2d 774) (1966). Cf. *Newsome v. Newsome,* 237 Ga. 221 (227 SE2d 347) (1976). Appellee consented to the incorporation of paragraph 3(d) into the divorce decree. We fail to see how its enforcement in favor of appellant violates any public policy of this state.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 23, 1981.

*Bauer, Deitch, Raines & Hester, Gilbert H. Deitch, Gerald B. Kline,* for appellant.

*Stolz & Shulman, Warren S. Shulman, Nall & Miller, Bruce W. Callner,* for appellee.