## 44648. MARSHALL v. MARSHALL.
(360 SE2d 572)

CLARKE, Presiding Justice.

This appeal is from an order entered February 27, 1987, granting appellee husband's motion to set aside a final judgment entered May 23, 1986. The motion to set aside was filed December 1, 1986, out of term. We reverse.

The husband filed for divorce in October 1981, in Muscogee County. The wife was served by publication pursuant to an order based on an affidavit of the husband that her last known address was Columbus, Georgia, but that she had departed the state or could not be found within the state. A final judgment of divorce was entered December 1981. Pursuant to the order, all other issues were reserved. The wife answered October 1985, alleging that the husband was at all times aware of her address. She filed a counterclaim, alleging that service by publication upon her was improper and that the husband had perpetrated a fraud upon the court and praying for equitable division of property and alimony. After a bench trial at which the husband was not present but was represented by counsel, the court entered findings of fact and conclusions of law and made an award of equitable division and alimony in May 1986. Included in the findings of fact was the fact that the husband was aware of the address of the wife when he filed his complaint for divorce and that she did not receive actual notice of the complaint or summons until approximately two years after the divorce was taken. The court further found that in March 1982, while all issues other than the divorce were pending according to the 1981 court order, the husband sold the family home, receiving a net equity of $8,500, and that other property held or sold by the husband while the case was pending had a value at the time of the complaint of $15,000.

In December the husband filed a motion to set the judgment aside, alleging that the court was without jurisdiction and that the May 1986 judgment was null and void. The court granted the motion based on a finding that an absence of personal jurisdiction over the wife amounted to a non-amendable defect on the face of the record. The court found that while a divorce case is never in default, once the divorce has been granted the case no longer exists. The court could not reserve jurisdiction to decide other issues because it had only in rem jurisdiction over the marriage and no personal jurisdiction over the wife.

Appellant contends that the court erred in concluding that the judgment which reserved for later determination all issues except that of divorce constituted a non-amendable defect upon the face of the record. Appellant also insists that the court erred in finding that the trial court could not reserve issues of alimony and division of marital

property for later determination. Finally, appellant contends that the court erred in finding that the wife's answer and counterclaim and service on the husband's attorney were a nullity.

We reverse the setting aside of the May 1986, judgment for another reason. The motion to set aside was not filed until December 1986. There had been no appeal from the judgment attacked, and there was no ground raised on the motion to set aside which could not have been asserted in an appeal. Although the husband complains that service of the answer and counterclaim which led to the May 1986 judgment was made on his attorney in the divorce case and not on him personally, he was represented by counsel at the hearing which led to the judgment for alimony and property division and could have appeared personally if he had chosen to do so. Therefore, if in the exercise of due diligence he could have discovered the ground for setting aside the judgment and raised it on appeal, he will not be excused from the exercise of such diligence. "[A] petition in equity would have been to no avail if he knew or should have in the exercise of reasonable diligence discovered this ground. *Hubbard v. Whatley*, 200 Ga. 751 (38 SE2d 738). This same diligence rule applies where appellant uses a motion to set aside the judgment and he is precluded from using the ground which he had known or could have discovered through reasonable diligence." *Camp v. Fidelity Bankers Life Ins. Co.*, 129 Ga. App. 590, 590-91 (200 SE2d 332) (1973). See also *Capital Assoc., Inc. v. Keoho*, 173 Ga. App. 627 (327 SE2d 586) (1985); *Shepherd v. Metropolitan Property &c. Ins. Co.*, 163 Ga. App. 650 (294 SE2d 638) (1982); concurring opinion of Hill, J., in *Page v. Page*, 255 Ga. 145 (335 SE2d 865) (1985). In the absence of some compelling reason, an out-of-term motion to set aside pursuant to OCGA § 9-11-60 (d) based upon grounds which the movant knew or in the exercise of reasonable diligence should have known at the time of the judgment will not be granted.

*Judgment reversed. All the Justices concur.*

## ON MOTION FOR RECONSIDERATION.

In his motion for reconsideration, Mr. Marshall contends the court overlooked the fact that the judgment in question here is void for lack of jurisdiction and is therefore subject to attack at any time. As a general statement of the law he is correct; however, some circumstances can overcome this rule.

In *Crowe v. Crowe*, 245 Ga. 719 (267 SE2d 14) (1980), we held, "Parties to a divorce may by their actions concede and confer jurisdiction on a superior court to grant a divorce." In his concurrence, in *Page v. Page*, supra, then Chief Justice Hill wrote, "[a] motion to set aside a judgment made pursuant to OCGA § 9-11-60 (d) based upon

grounds which the movant knew, or was charged with knowing, at the time the judgment was entered should not be granted except possibly for clear and compelling reasons not present here."

In this case, Mr. Marshall was the plaintiff in the original suit for divorce and as plaintiff received the decree of divorce which contained the reservation of all other issues. There is no record of any objection to this reservation by Mr. Marshall. At the trial of Mrs. Marshall's counterclaim, Mr. Marshall was represented by counsel and is therefore charged with knowledge of whatever errors may have occurred.

The effect of all of this is that Mr. Marshall's status as plaintiff in the original action and receiving the decree containing the reservation of all other issues without objection made him a party to the scenario which set the stage for Mrs. Marshall's counterclaim. This being the case and considering his knowledge of the circumstances of the trial of the counterclaim, there is no clear and compelling reason why he should not have complained by direct appeal at that time. This court has an interest in the finality of judgments and the expedition of appeals so that litigation may be concluded as soon as possible. The requirement that an appeal be taken when the grounds are known contributes to this end.

DECIDED SEPTEMBER 24, 1987 —
RECONSIDERATION DENIED OCTOBER 19, 1987.

*Jerry D. Sanders, Vincent W. Roses, Jr.,* for appellant.
*Milton Hirsch,* for appellee.