S89A0422. THE BOARD OF COMMISSIONERS OF RICHMOND
COUNTY v. COOPER.
(387 SE2d 138)

CLARKE, Chief Justice.

Appellee Cooper, the owner of an establishment known as Norman's Electric Galaxy, Inc., applied for an on-premises beer and wine license. His application was denied by the Board of Commissioners. Cooper sought a writ of mandamus in the Richmond Superior Court. The trial court, finding the denial of the license arbitrary, capricious, and unreasonable, granted mandamus. The county issued the license and appealed the ruling. Cooper moves to dismiss the appeal as moot since the county did not obtain an injunction pending appeal and the license has been granted.

> It is a rather fundamental rule of both equitable jurisprudence and appellate procedure, that if the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot. See *Padgett v. Cowart*, 232 Ga. 633 (208 SE2d 455) (1974). To prevent such an appeal from becoming moot the appealing party must obtain a supersedeas. [*Adams v. Smith*, 240 Ga. 436, 437 (241 SE2d 1) (1978).]

See also *Citizens to Save Paulding County v. City of Atlanta*, 236 Ga. 125 (223 SE2d 101) (1976); *Padgett v. Cowart*, 232 Ga., supra; *Clarke v. City of Atlanta*, 231 Ga. 84 (200 SE2d 264) (1973); Georgia Appellate Practice Handbook, § 5.2.4.

Appellants argue that although the license has been issued to appellee the case is not moot until the period of the license has expired. In other words, the license could be recalled. We do not agree. In *Douglas County v. Hasty*, 237 Ga. 646 (229 SE2d 435) (1976), the county appealed from an order declaring a zoning ordinance unconstitutional. After the judgment, the county adopted a new zoning ordinance and map, alleging that this action was necessary to avoid being placed in contempt. This court granted appellee's motion to dismiss the appeal as moot. In the present case the license has been issued and the *issuance* of the license cannot be undone without revoking the license. The decision to revoke is entirely different from the decision to issue or not to issue a license.

It was the responsibility of appellants to obtain a supersedeas in the trial court. If the application for supersedeas was denied in the trial court appellants should have applied to this court for supersedeas. No supersedeas was obtained in the trial court or sought in this court, and the license in question was issued. Because the license has been issued, the appeal is moot.

*Appeal dismissed as moot. All the Justices concur, except Weltner, J., who concurs in the judgment only.*

DECIDED JANUARY 19, 1990.

*Burnside, Wall & Daniel, Robert C. Daniel, Jr.,* for appellant. *Alston & Bird, G. Conley Ingram, Christopher G. Nicholson,* for appellee.