**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PERL GLEN VAN PELT; JOHN LEE
WACKER; LEROY ALLEN
COOLEY; SUSAN MARY BOYLE;
LEWIS THEODORE WACKER, also
known as Louie Wacker,

Defendants - Appellants.

Nos. 96-3349, 96-3350, 96-3364,
96-3365, 96-3386

D. Kansas

(D.C. No. 92-CR-40042)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is
therefore ordered submitted without oral argument.[1]

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[1]We combine these separate appeals for disposition because they raise the same
issues.

Defendants Perl Glen Van Pelt, Leroy Allen Cooley, Susan Mary Boyle, John Lee Wacker, and Lewis Theodore Wacker were each convicted on several counts of drug related offenses and on counts of unlawful use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On appeal, we, inter alia, reversed the § 924(c) convictions as to each defendant because of the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995). United States v. Wacker, 72 F.3d 1453 (10th Cir.), cert. denied, 117 S. Ct. 136 (1996). We remanded for a new trial on one count for each defendant to determine "whether these five defendants 'used' Edith Wacker's .22 pistol during and in relation to a drug trafficking offense within the meaning of 18 U.S.C. § 924(c)." Id. at 1480.

After remand, the government moved to dismiss the remanded § 924(c) count as to each defendant and no new trial was held. The district court then notified the defendants prior to resentencing that it was considering an enhancement pursuant to USSG § 2D1.1(b)(1) for possession of a firearm during a drug trafficking offense. The government then filed a motion requesting such an enhancement and defendants filed objections, stating that the limited scope of the mandate on remand precluded the enhancement. The district court ordered the preparation of a new presentence report, which recommended the § 2D1.1(b)(1) enhancement. At the resentencing hearing defendants renewed their objections to

the enhancement, and the court imposed sentences reflecting a two-level enhancement under § 2D1.1(b)(1).

On appeal the defendants each raise one issue: whether the district court had jurisdiction to enhance defendants' sentences due to the limited scope of our mandate on remand.[2]  In a published opinion, the district court thoroughly analyzed and rejected this assertion.  United States v. Van Pelt, 938 F. Supp. 697 (D. Kan. 1996).  We are in complete agreement with the district court's analysis and conclusion, which is consistent with two cases that we decided subsequent to the district court's opinion.  In United States v. Smith, 116 F.3d 857, 858-59 (10th Cir.), cert. denied, 118 S. Ct. 256 (1997), we held that, in a nearly identical situation to the present ones, the Tenth Circuit's prior "set aside" of the § 924(c) conviction and sentence effectively vacated the sentence and allowed resentencing, including the right to enhance the sentence pursuant to USSG § 2D1.1(b)(1).  In United States v. Mendoza, 118 F.3d 707, 709-10 (10th Cir.), cert. denied, 1997 WL 612704 (U.S. Nov. 3, 1997), we held that in a 28 U.S.C.

---

[2]Van Pelt and John Wacker also argue that the facts in the record do not support their sentence enhancement under § 2D1.1(b)(1).  We reject this argument and find that the enhancement was proper under the factual circumstances of this case, which are set forth in our prior opinion.  John Wacker also filed a pro se "Addendum to Appellant's Brief" containing various contentions, including that the superseding indictment was unconstitutional, that the district court lacked jurisdiction to convict him for the drug offenses, that the U.S. Attorney conspired with the Kansas authorities to violate his constitutional rights, and that the government had the burden of proving that he is not innocent of legalized possession of hemp.  We find these arguments meritless.

§ 2255 proceeding the district court had jurisdiction to enhance the sentence pursuant to USSG § 2D1.1(b)(1) after vacating a § 924(c) conviction. Likewise, in the present cases, the district court had jurisdiction within the scope of our mandate to resentence the defendants and to include the § 2D1.1(b)(1) enhancement.

Accordingly, the sentence of each defendant is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge