## S98A0773. GRUBEN v. GITTELMAN.
(502 SE2d 220)

HUNSTEIN, Justice.

This case demonstrates how important it is that counsel and the trial court carefully review verdicts awarding child support to ensure compliance with OCGA § 19-6-15. In the February 1996 divorce action between the parties to this appeal, the jury returned a verdict which determined the parties' respective incomes and fixed the periodic child support appellee Robert Gittelman owed appellant Caron Gruben for the couple's one minor child in an amount that constituted eight percent of appellee's monthly income. Although the verdict form set forth the special circumstances listed in OCGA § 19-6-15 (c), the jury did not indicate the presence of any special circumstance to explain the downward deviation from the statutory guideline percentage set forth in OCGA § 19-6-15 (b) (5). Appellant made no objection to the verdict and filed no appeal from the judgment entered on the verdict. The parties thereafter complied with the terms of the divorce decree. However, 17 months later, in July 1997, appellant filed an out-of-term motion to set aside the verdict on the basis of a non-amendable defect, namely, that the child support award was illegal and defective under OCGA § 19-6-15. The trial court denied appellant's motion, finding no compelling reason for setting the judgment aside under OCGA § 9-11-60 (d). We granted appellant's application for discretionary appeal to consider whether a jury's award of child support that deviates substantially from the child support guidelines without a finding of special circumstances to support the lower award constitutes a compelling reason that justifies setting aside a final judgment in a divorce action under OCGA § 9-11-60 (d). We conclude that under the facts in this case, the inadequate child support award did not constitute a compelling reason for setting aside the divorce decree and thus affirm the trial court's order.

As provided in *Marshall v. Marshall,* 257 Ga. 494, 495 (360 SE2d 572) (1987),

if in the exercise of due diligence [a party] could have discovered the ground for setting aside the judgment and raised it on appeal, [the party] will not be excused from the exercise of such diligence. . . . In the absence of some compelling reason, an out-of-term motion to set aside pursuant to OCGA § 9-11-60 (d) based upon grounds which the movant knew or in the exercise of reasonable diligence should have known at the time of the judgment will not be granted.

*Marshall v. Marshall* establishes a balancing test in which the public's interest in the finality of judgments and the expedition of appeals is weighed against the compelling reasons presented under the particular facts in each case for setting aside a final judgment. Id. at 496. Appellant contends that a jury's failure to comply with OCGA § 19-6-15, the statute which assures that Georgia's children of divorced parents receive appropriate child support, in and of itself constitutes a compelling reason for setting aside a divorce decree. We disagree.

The record in this case reveals that appellant was represented by counsel during the proceedings; hence, she is charged with knowledge of whatever errors may have occurred. *Marshall v. Marshall*, supra at 496. No objection was made to the verdict; no appeal was filed from the judgment. Further, appellant did not raise any issue regarding the inadequacy of the child support award when she initiated a contempt action against appellee in May 1997 challenging the day of the month the child support payments were due. It is uncontroverted that the parties have performed their obligations in the divorce decree for well over a year, including the tendering and acceptance of the monthly child support amount awarded. Finally, although the child support awarded by the jury represents only eight percent of appellee's monthly income, the amount awarded is nevertheless substantial, $1,250 a month for one child. Other than the fact that the child does not have the benefit of the additional money,[1] there is no allegation or evidence that the child's needs are not being adequately met.

While it cannot be denied that the jury returned a child support award that violated the mandatory provisions of OCGA § 19-6-15, that factor alone is not sufficient to justify the setting aside of a judgment when the verdict's failure to comply with the statutory guidelines was obvious and readily discernible in the exercise of reasonable diligence and there is no showing that the interests of the child

---

[1] The jury found that appellee has a gross income of $181,705. Under the 17-23 percent guidelines for one child, OCGA § 19-6-15 (b) (5), appellee's child support obligation could have ranged from $2,574 to $3,483, or $1,324 to $2,233 more than the jury awarded.

have been adversely affected by the amount of child support awarded. Accordingly, under the facts in the instant case, we cannot find the trial court erred by concluding that appellant failed to establish a compelling case for setting aside the February 1996 divorce decree.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 6, 1998 —
RECONSIDERATION DENIED JULY 31, 1998.

*Hewitt, Katz & Dumich, A. Kenneth Hewitt III,* for appellant.
*Dupree, Johnson, Poole & King, Hylton B. Dupree, Jr.,* for appellee.