560 S.E.2d 1 (2002)
274 Ga. 765
In re C.N.W., a child.
No. S01A1281.
Supreme Court of Georgia.
February 11, 2002.
Monroe, Claiborne, Outman & Surmay, James B. Outman, Carol S. Dew, Atlanta, for appellant.
Thurbert E. Baker, Atty. Gen., for appellee.
HINES, Justice.
We granted this appeal from the denial of a stepparent adoption petition to consider two questions.[1] The first is whether a "biological father who is not the legal father" of a child within the meaning of OCGA § 19-8-1(6)[2] is a "parent" for the purpose of OCGA § 19-8-1(8).[3] The second is if the "biological father" is not a "parent" for the purpose of OCGA § 19-8-1(8) under the foregoing circumstances, may a stepfather to the child of the "biological father" adopt his spouse's child pursuant to OCGA § 19-8-6(a)(2)[4] *2 even if the child's "biological father" is living. We answer the first question in the negative and the second in the affirmative, and accordingly, reverse the denial of the petition for adoption.
C.N.W. was born on February 26, 1992. Her biological mother and biological father were never married. C.N.W.'s biological mother married on February 1, 1997. On June 26, 2000, C.N.W.'s stepfather filed a Petition for Adoption by a Stepparent pursuant to OCGA § 19-8-6 in the Superior Court of Walton County. The petition alleged that C.N.W.'s biological father had abandoned the child prior to birth; had seen her one time and that was on the day of her birth; and that he had not contributed to her support or made any attempt to legitimate her. The accompanying affidavit by the mother averred that the known biological father had not lived with the child, had not contributed to her support, and had not provided for the mother's support, including medical care, during the pregnancy or hospitalization for the birth of the child. The biological father could not be found, so service was perfected through publication, to which no party responded.
On September 1, 2000, the superior court entered an amended order denying the stepfather's petition based upon the Court of Appeal's decision in Cowdell v. Doe, 225 Ga.App. 97, 483 S.E.2d 347 (1997). The superior court determined that the "biological father" was not the "legal father" as defined in OCGA § 19-8-1(6), and that Cowdell v. Doe did not allow a stepparent adoption involving a biological, non-legal father. However, that portion of the analysis in Cowdell v. Doe is fatally flawed.
1. The question before the Court of Appeals in Cowdell v. Doe was whether the "biological father" of the child sought to be adopted by the petitioner stepfather in that case was "known" or "unknown" for the purpose of then OCGA § 19-8-12, dealing with notice to the "biological father" and termination of his rights. In its discussion, the Cowdell court found "the absence of a paragraph (3) in OCGA § 19-8-6(a) which would cover stepparent adoption by the spouse of a mother of a child whose father is biological only and not legal." Cowdell v. Doe at 100, 483 S.E.2d 347. It further stated that "the legislature left a gap in the stepparent adoption section (OCGA § 19-8-6) by omitting to provide for adoption by the husband of the legal mother of a child whose biological but not legal father is living. No provision is made for termination of his rights through the procedure specified in OCGA § 19-8-12(b)." Cowdell v. Doe at 100, 483 S.E.2d 347. Pivotal to such determinations was the Court of Appeals's apparent consideration of the "biological father" as a "parent" for the purpose of the surrender of parental rights under OCGA § 19-8-6(a). But this was error for the Court failed to consider the statutory definition of "parent" found in OCGA § 19-8-1(8), and thereby the proper construction of OCGA § 19-8-6(a).
The statutory definitions found in OCGA § 19-8-1, govern Chapter 8 of Title 19, dealing with adoption. OCGA § 19-8-1(1) defines the "biological father" as "the male who impregnated the biological mother resulting in the birth of the child." However, in subsection (6), the statute defines "legal father," as a "male" who has accomplished one of five acts. See footnote 2, supra. It does not make any reference to the "biological father." This legislative distinction between the "biological father" and the "legal father" is echoed in other parts of OCGA § 19-8-6, see subsections (e)(2) & (i), as well as other portions of the adoption Code. See OCGA §§ 19-8-4(e)(2) & (i); 19-8-5(e)(2) & (i); 19-8-7(e)(2). The "legal mother" is defined in subsection (7) as the "biological or adoptive mother of the child." These terms converge in the definition of "parent" found in subsection (8) as the "legal father or the legal mother of the child." There is no mention of the "biological father" of the child in the definition of "parent."
The application of the provisions for the surrender of parental rights under OCGA § 19-8-6 must be determined by the legislative *3 definition of "parent" even if the definition of that term is more narrowly drawn than the definition employed in certain case law or used in everyday parlance. See Edwards v. Dept. of Children &c. Svcs., 271 Ga. 890, 892, 525 S.E.2d 83 (2000); Brantley v. Dept. of Human Resources, 271 Ga. 679, 682, 523 S.E.2d 571 (1999). And the legislative definition is plain in its requirement that a male have more than a biological connection with a child before he is considered to be a "parent" for purposes of the adoption statutes. In fact, OCGA §§ 19-8-4(i); 19-8-5(i); 19-8-6(i); and 19-8-7(i),[5] all dealing with the surrender of rights to a child, carry forth the clear differentiation between a "parent" and a "biological father who is not the legal father."
Accordingly, a "biological father who is not the legal father" of a child within the meaning of OCGA § 19-8-1(6) is not a "parent" for the purpose of OCGA § 19-8-1(8).
2. Inasmuch as the "biological father who is not the legal father" is not a "parent" within the meaning of OCGA § 19-8-1(8), the stepfather to the child of the "biological father" may adopt his spouse's child pursuant to OCGA § 19-8-6(a)(2) even if the child's "biological father" is living. This is so because the child then has only one "parent" still living, that is, the "legal mother" of the child, see OCGA § 19-8-1(8), precisely the circumstances outlined in OCGA § 19-8-6(a)(2). In fact, subsection (e)(2) of the statute provides, in pertinent part, that "[t]he biological father who is not the legal father of a child may surrender all his rights to the child for purposes of an adoption pursuant to this Code section."[6]
Here, the superior court was mislead by the analysis and statements in Cowdell v. Doe finding a "gap" in the legislative scheme and precluding a stepparent adoption involving a biological, non-legal father.[7] There is no such "gap," and no consequent legal impediment to adoption under the circumstances in this case. Accordingly, the judgment of the superior court is reversed and the case remanded to the superior court for its consideration of the present stepparent adoption petition consistent with this opinion.
Judgment reversed and case remanded.
All the Justices concur.
NOTES
[1] This Court granted certiorari following the Court of Appeals's denial of the stepfather's application for discretionary appeal from the adverse ruling on the adoption petition.
[2] OCGA § 19-8-1(6) provides:

"Legal father" means a male who:
(A) Has legally adopted a child;
(B) Was married to the biological mother of that child at the time the child was conceived or was born, unless such paternity was disproved by a final order pursuant to Article 3 of Chapter 7 of this title;
(C) Married the legal mother of the child after the child was born and recognized the child as his own, unless such paternity was disproved by a final order pursuant to Article 3 of Chapter 7 of this title;
(D) Has been determined to be the father by a final paternity order pursuant to Article 3 of Chapter 7 of this title; or
(E) Has legitimated the child by a final order pursuant to Code Section 19-7-22, and who has not surrendered or had terminated his rights to the child.
[3] OCGA § 19-8-1(8) states:

"`Parent'" means either the legal father or the legal mother of the child."
[4] OCGA § 19-8-6(a) provides:

Except as otherwise authorized in this chapter:
(1) A child whose legal father and legal mother are both living but are not still married to each other may be adopted by the spouse of either parent only when the other parent voluntarily and in writing surrenders all of his rights to the child to that spouse for the purpose of enabling that spouse to adopt the child and the other parent consents to the adoption and, where there is any guardian of that child, each such guardian has voluntarily and in writing surrendered to such spouse all of his rights to the child for purposes of such adoption; or
(2) A child who has only one parent still living may be adopted by the spouse of that parent only if that parent consents to the adoption and, where there is any guardian of that child, each such guardian has voluntarily and in writing surrendered to such spouse all of his rights to the child for the purpose of such adoption.
[5] Subsections (i) of these statutes all provide that a surrender pursuant to the Code sections may be given by "any parent or biological father who is not the legal father of the child."
[6] See OCGA § 19-8-12 for rights of the biological father.
[7] Such findings in Cowdell v. Doe are disapproved.