## S03A1154. PERDUE et al. v. BAKER.
### (586 SE2d 303)

ORDER OF THE COURT.

Upon consideration of the motion to dismiss filed in this case, it is ordered that it be hereby denied.

*All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

On April 17, 2003, this Court docketed Governor Perdue's appeal from the trial court's denial of the Governor's petition for a writ of mandamus and injunctive relief. The Governor had sought "to compel the [Georgia] Attorney General to comply with his official duty by taking such action as is necessary and appropriate in order to dismiss the pending appeal in the Supreme Court of the United States [*Georgia v. Ashcroft*, Case No. 02-182]," and to have the Georgia Attorney General "restrained and enjoined from failing to comply with the requirement and direction of the Governor that he take such steps as are necessary and appropriate to dismiss the pending appeal in the Supreme Court of the United States."[1] On June 26, 2003, the United States Supreme Court issued its decision in *Georgia v. Ashcroft*, the case which the Governor wanted the Georgia Attorney General to remove from the U. S. Supreme Court's consideration. On the same day the U. S. Supreme Court issued its decision, the Georgia Attorney General filed in this Court a motion to dismiss the Governor's appeal since the Supreme Court's issuance of an opinion made

---

[1] In its order denying the Governor's petition for relief, the trial court described the matter pending before it as "The Governor seeks to compel the [Georgia] Attorney General to dismiss an appeal currently pending in the United States Supreme Court brought in the name of the State of Georgia."

the remedy the Governor sought, ordering the Georgia Attorney General to dismiss the appeal pending in the U. S. Supreme Court, impossible to obtain. Without explanation, a majority of this Court has denied the motion to dismiss. I respectfully dissent.

I am at a loss for an explanation of the majority's rationale for denying the Attorney General's motion to dismiss since the relief sought by the Governor is no longer available.[2] The Georgia Appellate Practice Act requires this Court to dismiss an appeal "where the questions presented have become moot." OCGA § 5-6-48 (b) (3); *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986) ("[T]he dismissal of an appeal is mandatory for the three specific instances contained in subsection (b) of OCGA § 5-6-48."). " ' "A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights." ' " Id. We routinely dismiss appeals where the remedy sought in the trial court is no longer available. See, e.g., *Brown v. Spann*, 271 Ga. 495 (520 SE2d 909) (1999) (appeal dismissed because injunctive relief sought can no longer be granted); *Bd. of Commrs. of Richmond County v. Cooper*, 259 Ga. 785 (387 SE2d 138) (1990) (appeal from order granting mandamus moot since that which was ordered in writ of mandamus has been done); *Shepherd v. Dampier*, 231 Ga. 759 (204 SE2d 295) (1974) (prisoner's habeas appeal dismissed since prisoner no longer in custody); *Hackney v. American Prescription Providers*, 258 Ga. App. 130 (572 SE2d 765) (2002) (appeal from denial of motion to compel discovery moot due to unappealed grant of summary judgment to party who purportedly did not comply with discovery); *Turpen v. Rabun County Bd. of Ed.*, 245 Ga. App. 190 (1) (537 SE2d 435) (2000) (appeal of denial of injunctive relief moot when act sought to be enjoined has been completed). When this Court expedited the briefing schedule and specially set the oral argument for this case, we implicitly recognized that time was of the essence because a decision of the U. S. Supreme Court in *Georgia v. Ashcroft* would moot the instant appeal. Because the U. S. Supreme Court has issued its decision in *Georgia v. Ashcroft*, the relief the Governor sought, that the Georgia Attorney General be ordered to dismiss that appeal, is no longer an option and any decision by this Court concerning whether the Governor had authority to direct the Georgia Attorney General to dismiss the appeal would amount to an advisory opinion, an improper determination by this Court of an abstract question not arising upon *existing* facts or rights.

With no explanation accompanying the majority's denial of the

---

[2] I recognize the Court is not required to give an explanation of the action it has taken, but believe it would be helpful if the Court would explain its decision.

motion to dismiss, I am left to conjecture. Perhaps the majority believes the motion to dismiss should be denied because they think this case contains an issue capable of repetition that evades review. See *Collins v. Lombard Corp.*, 270 Ga. 120 (2) (508 SE2d 653) (1998). A court will not dismiss such a case, even when the parties in the case before it no longer have *existing* facts or rights to be resolved, if there is "an existing class of sufferers" whose circumstances evade review. Id. In the situation currently before the Court, however, the "existing class of sufferers" numbers only one — the Governor. While the controversy between the Governor and the Attorney General over who had the authority to seek dismissal of the case when it was pending before the Supreme Court is no longer a live controversy, the underlying issue of who "controls litigation" in which the State of Georgia is a party is capable of recurring; however, the Governor's suffering will not evade review since it can be raised in the litigation in which it arises. If it arises in an action brought in a Georgia court, the appellate courts of this State will have the opportunity to rule on the issue, either in a direct appeal or by means of an application for interlocutory appeal; if it arises in an action brought in a federal court, it could be the subject of a certified question to this Court. See 1983 Ga. Const., Art. VI, Sec. VI, Par. IV; OCGA § 15-2-9 (a). This surmised rationale of the majority does not withstand even cursory scrutiny.

Perhaps the majority declines to dismiss the Governor's appeal because the majority believes a decision on the merits of the question whether the Governor had authority to order the Attorney General to dismiss an appeal filed by the State of Georgia in the U. S. Supreme Court will somehow affect the continued viability of *Georgia v. Ashcroft* upon its remand to the District Court for the District of Columbia. In that regard, perhaps the majority believes that, should the Governor prevail in his appeal pending in this Court, the Governor could order the dismissal of the remanded case. Such a rationale ignores the "mandate rule," the appellate "law of the case" doctrine applicable to the federal judiciary.[3] "The 'mandate rule' . . . binds a lower court on remand to the law of the case established on appeal. The very structure of a hierarchical court system demands as much." 18B Wright, Miller & Cooper, Fed. Prac. & Proc. § 4478, p. 637. A lower court violates the mandate when it fails to decide the question that the appellate court has directed it to decide. Id. at § 4478.3, p. 754. On remand, "the district court owes obedience to the mandate of the Supreme Court . . . and must carry the mandate into effect

---

[3] It is similar to the appellate "law of the case" set forth in OCGA § 9-11-60 (h) and applicable in the Georgia judiciary.

according to its terms" (Moore's Fed. Prac., Civil, § 134.23 [1] [a]), by entering an order in strict compliance with the mandate. *Aldridge v. Lily-Tulip, Inc.*, 40 F3d 1202, 1208 (11th Cir. 1994). When an appellate court remands a case for further proceedings, the trial court must implement both the letter and the spirit of the mandate. *United States v. Van Pelt*, 938 FSupp. 697 (D. Kan. 1996), aff'd 131 F3d 153 (1997), cert. denied, 523 U. S. 1053 (118 SC 1377, 140 LE2d 524) (1998). It is clear to me, and likely the District Court for the District of Columbia, that dismissal of *Georgia v. Ashcroft* upon its remand to that court is not an option.

Perhaps the majority declines to dismiss the Governor's appeal because the majority believes it is judicially economical to decide the issue in the abstract. The use of "judicial economy" in order to render a decision on a moot issue ignores the very rationale of the mootness doctrine and leads to the creation of "ad hoc exceptions for individual cases . . . that . . . foster uncertainty in the law and inappropriately serve to expand the jurisdiction of the court applying such exceptions. . . ." *Collins v. Lombard Corp.*, supra, 270 Ga. at 123. Cf. *Bd. of Trustees of Employees' Retirement System v. Kenworthy*, 253 Ga. 554 (322 SE2d 720) (1984) (Bullard, Judge, concurring) (judicial economy does not compel or justify a substantive determination at the expense of due process).

Or perhaps the majority seeks to keep this appeal to enact some unstated "public policy" exception to the mootness doctrine. This Court, however, rejected the Court of Appeals' creation of a "public policy" exception that permitted that court to reach the merits of a moot appeal, and made it clear that "public policy alone would not be sufficient to bestow jurisdiction" over a case that is moot. *Collins v. Lombard Corp.*, supra, 270 Ga. at 122-123. Furthermore, a judicially-created "public policy" exception has no place where, as here, an issue is not capable of evading review. Id.

A majority of the members of this Court have not stated a reason for the denial of the motion to dismiss and I have exhausted all reasonable but unavailable legal avenues for such a denial — the relief sought is no longer available; this is not an issue capable of repetition but evasive of review; the federal "mandate rule" prevents the district court from dismissing the case remanded to it from the Supreme Court; there is neither a judicial economy nor a public policy exception to the mootness doctrine — and I still find myself at a loss as to why the Court insists on breathing life into this moot case. Mootness is a jurisdictional issue. When an appeal is moot, Georgia law requires that it be dismissed. Since the relief the Governor sought is no longer available to him, this appeal is moot and must be dismissed. I respectfully dissent from the majority's decision to do otherwise.

DECIDED JULY 15, 2003.

*Frank C. Jones, Cushing, Morris, Armbruster & Montgomery, Kirk M. McAlpin, Jr., Carlton M. Henson, Kelly R. Burke, District Attorney*, for appellants.

*Jeffrey L. Milsteen, Michael E. Hobbs, Deputy Attorneys General, Rogers & Hardin, Richard H. Sinkfield, Robert B. Remar, Ashley R. Hurst, Julie K. Bracker*, for appellees.

*David G. Oedel, John O. Cole, Anne S. Emanuel, Bondurant, Mixson & Elmore, Emmet J. Bondurant, Michael B. Terry, Jeffrey O. Bramlett, Randi E. Schnell, William H. Pryor, Jr., Attorney General of Alabama, Margaret H. Fleming, Assistant Attorney General of Alabama, Nathan A. Forrester, Solicitor-General of Alabama*, amici curiae.