## A05A1524. BYRD v. REGAL INSURANCE COMPANY.

(621 SE2d 758)

MIKELL, Judge.

Peggy Byrd filed suit against her automobile insurer, Regal Insurance Company ("Regal"), in the Superior Court of Brantley County on November 26, 2002, seeking payment of medical bills associated with an automobile accident that took place on August 13, 1989. The complaint contained 26 claims for medical bills, totaling $836.11. Byrd also sought statutory penalties under OCGA § 33-4-6 in the amount of $130,000, and an award of attorney fees for Regal's alleged bad faith refusal to pay her medical bills. Regal was served through its registered agent by a Fulton County sheriff's deputy on December 4, 2002, but failed to file an answer.

The trial court held a hearing on August 12, 2003, which was during the January term of court. On that same day, after hearing evidence of Byrd's damages, the court granted default judgment to Byrd for $801.25 of the policy benefits sought in the complaint and for statutory penalties in the total amount of $130,000, which was calculated by imposing a $5,000 penalty for each of the 26 claims under OCGA § 33-4-6.[1] The court also awarded Byrd attorney fees in the amount of $10,000.

Byrd's counsel faxed a copy of the judgment to Regal on September 18, 2003, which was during the September term of court. On September 29, 2003, Regal filed an answer and moved to open default and to set aside the judgment. The trial court determined that proper service had been made upon Regal and therefore denied the motion to open default.[2] However, the court concluded that it had imposed an improper amount of statutory penalties against Regal under OCGA § 33-4-6. The court found that all of Byrd's medical bills arose from the same "loss," the August 13, 1989, automobile accident. Therefore, it granted, in part, the motion to set aside the judgment with respect to the award of statutory penalties and amended its judgment to reflect a single $5,000 penalty, rather than a separate $5,000 penalty for each medical bill submitted. Byrd filed the present appeal, in which she argues that the trial court erred in amending its judgment because it lacked jurisdiction to do so. We disagree and affirm.

Byrd argues that the trial court lacked jurisdiction to set aside or modify the judgment because the January term of court had expired. Indeed, "after expiration of the term of court in which a default

---

[1] The sum of the medical bills was not specified in the complaint. Careful arithmetic by an appellate judge's administrative assistant shows the total sought to have been $836.11.

[2] Regal has not appealed this portion of the judgment; therefore, we need not consider whether service was properly made in this case or whether the court erred in refusing to open the default.

judgment is entered, the trial court's discretion in setting aside the default judgment is limited to the criteria set forth in OCGA § 9-11-60 (d)." (Citation omitted.) *Ga. Receivables v. Murray,* 240 Ga. App. 676-677 (524 SE2d 518) (1999). However, that Code section provides three grounds for a motion to set aside a judgment, including "[a] nonamendable defect which appears upon the face of the record or pleadings." OCGA § 9-11-60 (d) (3). Subsection (f) provides that all motions to set aside judgments, other than those based on lack of personal or subject matter jurisdiction or motions for new trials, "shall be brought within three years from entry of the judgment complained of."

Because the motion to set aside the judgment was brought well within three years of the entry of judgment, we must consider whether the trial court erred in considering the motion and in modifying its judgment based upon a nonamendable defect in the record. In its order, the trial court concluded that the award of a $5,000 penalty for each medical bill "was in error as a matter of law." OCGA § 33-4-6 (a) provides, in pertinent part:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

Here, the trial court did not revisit the default judgment regarding Regal's liability for having acted in bad faith; rather, it concluded that it had erred in calculating the appropriate penalty, because the clear language of the statute provided for a payment of either 50 percent of the amount of the loss, which would have been approximately $400, or $5,000, whichever was greater. Contrary to Byrd's argument, because OCGA § 33-4-6 imposes a penalty, the trial court did not err in strictly construing the statute. *Cagle v. State Farm Fire &c. Co.,* 236 Ga. App. 726, 727 (512 SE2d 717) (1999). The court modified its judgment based on its conclusion that the statute did not provide for a minimum $5,000 recovery for each medical bill which may be incurred from the same "loss" and that, in this case, the single "loss" was the 1989 automobile accident. We agree with the trial court's construction of OCGA § 33-4-6 and find that the plaintiff's prayer for

a $5,000 penalty for each medical bill, as well as the court's subsequent default judgment granting such relief, amounted to a non-amendable defect in the record under OCGA § 9-11-60 (d) (3). The trial court properly set aside that portion of its judgment and modified the award accordingly.

For the first time on appeal, Byrd argues that because Regal failed to appeal the default judgment, the doctrine of res judicata barred the trial court from modifying its judgment. Pretermitting the questionable merits of Byrd's argument, it is well settled that "[i]ssues neither raised nor ruled on in the trial court cannot be raised for the first time on appeal." *The Pantry v. Harris*, 271 Ga. App. 346 (1) (609 SE2d 692) (2005), citing *Assn. Svcs. v. Smith*, 249 Ga. App. 629, 632 (1) (549 SE2d 454) (2001).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 9, 2005 —
RECONSIDERATION DENIED OCTOBER 12, 2005.

*Walter D. Adams*, for appellant.
*Sharon C. Barnes*, for appellee.