S07C0299. WHEELER v. WHEELER.
(642 SE2d 103)

The Supreme Court today denied the petition for certiorari in this case.

*All the Justices concur, except Carley, Thompson and Melton, JJ., who dissent.*

CARLEY, Justice, dissenting.

"With no explanation accompanying the majority's denial of the motion to dismiss, I am left to conjecture." *Perdue v. Baker*, 276 Ga.

822, 823-824 (586 SE2d 303) (2003) (Benham, J., dissenting). I am equally at a loss to comprehend why the majority would deny the petition for certiorari in this case of gravity and public importance, which also presents an issue of first impression.

Sara Wheeler became pregnant through anonymous donor insemination and gave birth in 2000 while she was living in a same-sex relationship with Melody Wheeler. In 2002, Melody Wheeler petitioned for adoption of the minor child based on Sara Wheeler's consent. The trial court granted the petition, finding that the proposed adoption was in the best interest of the child. The parties separated in 2004. Sara Wheeler filed a motion to set aside the final decree of adoption on several grounds, including OCGA § 9-11-60 (d) (3). After the trial court denied the motion to set aside on each ground, Sara Wheeler filed an application for discretionary appeal, which the Court of Appeals granted on December 20, 2005. The case was docketed in the Court of Appeals on February 27, 2006 as Case No. A06A1322. Sara Wheeler's request for oral argument was granted and the case was argued on June 7, 2006. However, on October 13, 2006, the appeal was "dismissed as having been improvidently granted." Sara Wheeler then petitioned this Court for a writ of certiorari.

I dissent to the majority's denial of that petition, because the criteria for granting certiorari clearly apply. This case is one of great concern, gravity, and public importance. Supreme Court Rule 40. There is not any appellate opinion addressing same-sex adoptions in Georgia, even though they have been permitted at the trial court level in certain counties, and the issue has been considered in numerous other states, with inconsistent results. Nicole Sheppe, Comment, *Georgia's Children On Our Minds . . .* , 55 Mercer L. Rev. 1415 (2004). Furthermore, the trial court fundamentally misconstrued this state's adoption statutes and erroneously concluded that setting aside the adoption is not appropriate.

Before a trial court may find " 'that a second parent adoption is in a child's best interests, it must first determine whether it has the power to grant such an adoption under the existing adoption statutes.' [Cit.]" *In the Interest of Angel Lace M.*, 516 NW2d 678, 681 (Wis. 1994). Since adoption is a right which did not exist at common law, and is statutory in nature, it must be strictly construed in favor of the natural parents and meticulously followed. *Johnson v. Smith*, 251 Ga. 1, 2 (2) (302 SE2d 542) (1983); *Johnson v. Eidson*, 235 Ga. 820, 821 (221 SE2d 813) (1976); *Spires v. Tarleton*, 225 Ga. App. 117, 118 (1) (483 SE2d 337) (1997). Here, the child has a biological mother, Sara Wheeler, but the biological father is unidentified. Under the adoption statutes, the existence of an anonymous biological father does not prevent a stepparent adoption. *In re C. N. W.*, 274 Ga. 765 (560 SE2d

1) (2002). As the trial court recognized, however, the petitioner for adoption in this case, Melody Wheeler, has never occupied the status of a stepparent under Georgia law.

Under certain conditions, a child who has only one living parent "may be adopted by the spouse of that parent . . . ." OCGA § 19-8-6 (a) (2). See also *In re C. N. W.*, supra at 768 (2). However, Melody Wheeler is not the spouse of Sara Wheeler, as "[m]arriages between persons of the same sex are prohibited in this state." OCGA § 19-3-3.1 (a). See also Ga. Const. of 1983, Art. I, Sec. IV, Par. I (a) (approved in 2004); *In the Interest of Angel Lace M.*, supra at 682. Under OCGA §§ 19-8-5 (a) and 19-8-7 (a), a third party who is not a stepparent, such as Melody Wheeler, may adopt the child only if the parent's rights are surrendered, or are terminated pursuant to OCGA § 19-8-10. However, neither the surrender nor termination of Sara Wheeler's parental rights was ever sought or ordered. Instead, the adoption petition was based on Sara Wheeler's consent to the adoption, wherein she expressly refused to relinquish or surrender her parental rights, and the trial court declared that the child would have "two legal parents" and awarded permanent custody to both. OCGA § 19-8-19 (a) (1) specifically proscribes such an order: "Except with respect to a spouse of the petitioner and relatives of the spouse, a decree of adoption terminates all legal relationships between the adopted individual and his relatives, including his parent . . . ." "If the legislature had intended to sanction adoptions by nonmarital partners, it would not have mandated this 'cut-off' of ['all legal relationships'] of the birth parents in these adoptions." *In the Interest of Angel Lace M.*, supra at 683.

Accordingly, the record affirmatively shows that Melody Wheeler did not have any valid claim for adoption under the controlling provisions of Georgia law, and this deficiency clearly constitutes a "nonamendable defect which appears upon the face of the record or pleadings." OCGA § 9-11-60 (d) (3). See also *Cooley v. All the World*, 247 Ga. 459, 460 (3) (276 SE2d 615) (1981); *Byrd v. Regal Ins. Co.*, 275 Ga. App. 779, 780-781 (621 SE2d 758) (2005). "Cases upholding adoptions in spite of technical flaws in the supporting documents are distinguishable." *Spires v. Tarleton*, supra. Granting an adoption which is legally unauthorized is not a technical flaw. In my opinion, therefore, the trial court clearly abused its discretion in denying the motion to set aside.

Moreover, in denying the motion, the trial court applied an erroneous legal standard. In its order, the trial court cited two opinions from this Court for the proposition that a judgment will not be set aside if the movant knew or should have known about the defect at the time. *Gruben v. Gittelman*, 269 Ga. 686 (502 SE2d 220) (1998); *Marshall v. Marshall*, 257 Ga. 494 (360 SE2d 572) (1987). Just last

year, however, Justice Benham properly distinguished OCGA § 9-11-60 (d) (3) from subsection (d) (2), which expressly limits its applicability to instances in which there is not any negligence or fault on the part of the movant. *Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 224) (2006). Subsection (d) (3), which is the applicable provision here, does not contain such a limitation, but rather requires only that there be a nonamendable defect on the face of the record. *Shields v. Gish*, supra. Justice Benham's analysis, in which all members of this Court concurred unanimously, is eminently correct. It could always be said that a movant should have known about a nonamendable defect appearing on the face of the record. If the failure to exercise diligence to discover the defect were to prevent utilization of subsection (d) (3), that subsection could never be used. To the extent that *Gruben* and *Marshall* hold otherwise, they are inconsistent with *Shields* and should be overruled.

Melody Wheeler argues that the motion to set aside is time-barred by OCGA § 19-8-18 (e), although the trial court did not rely on that statute. It reads as follows: "A decree of adoption issued pursuant to subsection (b) of this Code section shall not be subject to any judicial challenge filed more than six months after the date of entry of such decree." OCGA § 19-8-18 (e). Subsection (b) provides for the entry of a decree terminating all parental rights in those cases where the rights of each living parent or guardian have been surrendered or terminated, or where termination of parental rights is appropriate pursuant to OCGA § 19-8-10. As previously noted, however, subsection (b) obviously does not apply here, because neither surrender nor termination of Sara Wheeler's rights was ever sought or accomplished, and the trial court entered a decree specifically preserving her rights. Because subsection (b) is inapplicable, the six-month limitation in subsection (e) clearly does not bar the motion to set aside.

The issues in this case have a high degree of gravity. Whether a person who has never been, and indeed cannot be, a spouse of the living parent may nevertheless adopt the child, while that parent still retains all her rights, is an important issue. It has far-reaching implications with respect to potential adoptions by either the same-sex or opposite-sex partner or friend of an unmarried living parent. Furthermore, although Justice Benham's opinion in *Shields* is clear, there remains a need to disapprove the conflicting language in those earlier cases on which the trial court relied, in order to assist the bench and bar in avoiding the same mistaken reliance upon an erroneous legal standard which the trial court made here. Accordingly, I cannot concur in this Court's refusal to grant certiorari in this important case.

CERT. DENIED FEBRUARY 26, 2007 —
RECONSIDERATION DENIED MARCH 27, 2007.

*Anthony M. Zezima*, for appellant.
*Danowitz & Bushfield, Nora K. Bushfield, Jack H. Senterfitt*, for appellee.