## S07A0246. SCOTT v. SCOTT.

(644 SE2d 842)

MELTON, Justice.

On June 30, 2003, Gregory Wayne Scott (Husband) and Patti Rae Scott (Wife) entered into a separation agreement. As part of the agreement, each party acknowledged that he or she read and understood all of its terms, and the parties also stated that the separation agreement would be presented to the trial court during divorce proceedings for incorporation into a divorce decree. On July 2, 2003, Wife filed a complaint for divorce, and, on August 6, 2003, the trial court entered a final judgment and decree of divorce, incorporating the settlement agreement of the parties as requested. On November 25, 2003, the trial court entered an income deduction order. Husband neither objected to the divorce decree or the income deduction order, and he did not subsequently appeal either order.

On September 22, 2005, Husband filed a motion, apparently pursuant to OCGA § 9-11-60 (d) (3), to set aside the divorce decree as to child support, contending that the final decree's provisions regarding child support were "non-amendable defects on the face of the records and pleadings." Specifically, Husband contended that: (1) the decree set forth child support as only a percentage of Husband's income without setting forth a specific baseline dollar amount to be paid per week as required under OCGA § 19-5-12 and (2) the decree included a provision violating the principle that the right to receive child support belongs to the child and cannot be waived by the custodial parent. See *Livsey v. Livsey*, 229 Ga. 368 (191 SE2d 859) (1972). On July 31, 2006, the trial court granted the motion, setting aside the final decree with regard to only the issue of child support.

Wife now appeals, and, because Husband has failed to prove the existence of a non-amendable defect on the face of the record, we reverse.

1. As an initial matter, we must point out that, in *Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 224) (2006), this Court clarified that, in considering a motion to set aside under OCGA § 9-11-60 (d) (3), as opposed to (d) (2), negligence or fault on the part of the movant is not a bar to the movant's claims. Therefore, despite the fact that Husband may have been negligent in this case for not attacking the divorce decree by direct appeal, he retained the right to seek a motion to set

aside under OCGA § 9-11-60 (d) (3) for the existence of a non-amendable defect on the face of the record. To the extent that our prior opinions in *Marshall v. Marshall*, 257 Ga. 494 (360 SE2d 572) (1987) and *Gruben v. Gittelman*, 269 Ga. 686 (502 SE2d 220) (1998) hold otherwise, they are inconsistent with *Shields* and are hereby over-ruled.

2. At the heart of this case is a settlement agreement freely and voluntarily entered into by the parties which the parties requested the trial court to incorporate into their final decree of divorce. As a general matter, "where parties separate and by contract, as here, settle the right of their minor children for support and maintenance and such contract is approved by the trial court and made a part of a final divorce decree, the courts will enforce the contract as made by them." (Punctuation omitted.) *Halpern v. Anoff*, 247 Ga. 735, 736 (279 SE2d 226) (1981) (provision granting child support of $170 to be adjusted each month for changes in consumer price index not void as against public policy). Here, Husband fails to show that any part of the settlement agreement and divorce decree to which he consented is void or otherwise contains any non-amendable defect. As such, he is bound to the agreement he struck with Wife. Id.

3. Although Husband contends that the motion to set aside was properly granted because the divorce decree fails to set forth a specific baseline dollar amount for child support as required by OCGA § 19-5-12, the decree does contain stated dollar amounts which may be considered baseline payments. Pursuant to OCGA § 19-6-15 as applicable at the time, the trial court properly found that Husband should pay child support for two children in the range of 23 to 28% of his gross income. In paragraph (d) of the decree, the trial court performed the proper calculations, finding that 23% of Husband's income was equal to $3,359.92 and 28% of Husband's income was equal to $4,090.33. Then, in paragraph (e), the decree plainly states: "Husband shall pay to Wife the sum of $4,090.33 per month, for the support, maintenance and education of the parties' minor child under the written agreement dated June 30, 2003." This provision appears to set a minimum payment for child support. In a subsequent paragraph, however, the decree, in accordance with the separation agreement, finds that special circumstances exist and states:

> So long as both children [are] attending secondary school or college as full-time students or until such earlier time as Ashley shall reach the age of 22 years, the Husband shall pay an amount equal to 28% of his "gross income" as that term is defined in OCGA § 19-6-15 to the Wife. Upon Ashley ceasing to be a full-time student, the Husband shall pay an amount equal to 23% of his "gross income" as defined above to the

Wife until Nicholas ceases to be a full-time student or attains the age of 22 years, whichever shall first occur.

Although this latter paragraph contains only percentages, the trial court set forth at least a minimum dollar amount these percentages represent, namely $3,359.92 for 23% and $4,090.33 for 28%. To the extent that the parties intended for this baseline amount to be supplemented by Husband's future wage increases as a result of statutory special circumstances, this supplementation was agreed to by Husband in the divorce decree, and he is bound to his bargain. *Halpern*, supra. Therefore, contrary to Husband's contention, the decree does contain at least a baseline obligation for child support, and no non-amendable defect on this issue exists.

4. The separation agreement and final decree provide: "It is the intention of the parties that the Husband shall pay child support as provided herein without regard to the residence of the children or whether custody is changed by court order or judgment." Husband contends that the trial court properly granted his motion to set aside because this provision violates the principle that the right to receive child support belongs to the child and cannot be waived by the custodial parent. See *Livsey*, supra. As an initial matter, this provision in no way violates this principle. Although the residence of the children may change, the decree does not include any waiver by Husband or Wife to potential child support for the benefit of the children. Therefore, Husband has failed to show a non-amendable defect on the face of the record. Moreover, Husband and Wife fully and knowingly agreed to this provision as part of the settlement agreement which they asked the trial court to incorporate into the final decree. Because Husband explicitly set forth his intent in the settlement agreement that the trial court incorporate its terms into the divorce decree, including this provision, Husband cannot now attack those terms. Husband cannot complain of error he induced. See *Halpern*, supra; *McGarr v. McGarr*, 239 Ga. 640 (1) (238 SE2d 427) (1977).

*Judgment reversed. All the Justices concur.*

DECIDED MAY 14, 2007.

*Patty & Young, Clifton M. Patty, Jr.*, for appellant.
*Christopher A. Townley*, for appellee.