SHAW, Justice
(dissenting).
I dissent. The main opinion reviews the merits of the adoption in this case; our caselaw, interpreting the United States Constitution, does not permit this Court to do so.
The main opinion holds that the Superi- or Court of Fulton County, Georgia (“the Georgia court”), was not “empowered” to allow the adoption in this case — and thus lacked subject-matter jurisdiction — because it did not comply with Georgia Code Ann., § 19-8-5(a) and § 19-8-18(b). Section 19-8-5(a) designates that a child may be adopted by a “third party” if the rights of the living parents or guardians have been surrendered. Section 19 — 8—18(b) requires, among other things, that the court be “satisfied” that this has occurred. These provisions speak to the merits of whether the adoption should be granted— not to whether the trial court obtains subject-matter jurisdiction. Jurisdiction is instead provided by Georgia Code Ann., § 19-8-2(a), which states that the superior courts of Georgia have jurisdiction “in all matters of adoption.” (Emphasis added.) This would include adoption matters where the petitioners fail to “satisfy” the court that the requisites for an adoption were met. The Supreme Court of Georgia has defined “subject-matter jurisdiction” as follows:
“The phrase ‘subject-matter jurisdiction,’ as defined by this Court, ‘ “refers to subject matter alone,” i.e., “conferring jurisdiction in specified kinds of cases.” ’ ‘ “Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs.” ’ ”
Abushmais v. Erby, 282 Ga. 619, 620, 652 S.E.2d 549, 550 (2007) (citations omitted). The adoption petition in the instant case, whether meritorious or not, was part of the class of cases within the Georgia court’s jurisdiction to decide. § 19-8-2(a). The fact that the adoption should not have *1117 been granted does not remove the case from the class of cases within that court’s power.
I see no support for the proposition that, if a petitioner fails to show that an adoption is warranted or permissible under Georgia law, then the court in Georgia is suddenly divested of jurisdiction over the subject matter. Indeed, Georgia’s adoption code seems to provide the opposite. Specifically, Georgia Code Ann., § 19-8-18(c), states: “If the court determines that any petitioner has not complied with this chapter, it may dismiss the petition for adoption without prejudice or it may continue the case.” (Emphasis added.) Both §§ 19-8-5(a) and 19-8-18(b) are part of “this chapter,” namely, chapter 8 of title 19 of the Official Code of Georgia. If a petitioner has failed to comply with anything in chapter 8, the result is not a loss of subject-matter jurisdiction, based on the simple fact that the court is still empowered to continue the ease. Sections 19-8-5(a) and 19-8-18(b) cannot be read to deny the court subject-matter jurisdiction if it may nevertheless continue hearing the case despite noncompliance with those sections.[14]
When a party seeking to obtain an adoption fails to show that the adoption is permissible, then that party has simply failed to prove the merits of his or her case:
“If in the end the facts do not support the plaintiffs, or the law does not do so, so be it — but this does not mean the plaintiffs cannot come into court and allege, and attempt to prove, otherwise. If they fail in this endeavor ... they have a ‘cause of action’ problem, or more precisely in these cases, a ‘failure to prove one’s cause of action’ problem. The trial court has subject-matter jurisdiction to ‘hear’ such ‘problems’ — and the cases in which they arise.”
Ex parte BAC Home Loans Servicing, LP, 159 So.3d 31, 46 (Ala.2013). Stated differently, “[t]he legal question of the cogniza-bility of an alleged cause of action under state law goes to the merits of a lawsuit asserting that cause of action rather than the subject-matter jurisdiction of the court to decide that legal question.” South Alabama Gas Dist. v. Knight, 138 So.3d 971, 979 (Ala.2013) (Murdock, J., concurring in the rationale in part and concurring in the result). In BAC and several other cases, e.g., Poiroux v. Rich, 150 So.3d 1027 (Ala.2014), and Ex parte MERSCORP, Inc., 141 So.3d 984 (Ala.2013), this Court has rejected the idea that a simple failure to prove an element of a statutorily provided cause of action results in the lack of subject-matter jurisdiction. I have recently noted, however, that this Court “appears to [have] signaled] a retreat” from that principle. McDaniel v. Ezell, 177 So.3d 454, 460 (Ala.2015) (Shaw, J., dissenting). Under the rationale of the main opinion, that retreat is now complete.
The rationale of Justice Carley’s dissenting opinion in Wheeler v. Wheeler, 281 Ga. 838, 642 S.E.2d 103 (2007), would hold that § 19-8-18(b) would not allow the type of adoption that occurred in the instant case. Thus, as the main opinion states, “the Georgia court erred by entering the Georgia judgment by which V.L. became an *1118 adoptive parent of the children.” 208 So.3d at 1112 (emphasis added). I tend to agree; however, this is an error on the merits, not an error that deprived the Georgia court of subject-matter jurisdiction. As the Court of Civil Appeals stated: “Although it may be that the Georgia court erroneously construed Georgia law so as to permit V.L. to adopt the children as a ‘second parent,’ that error goes to the merits of the case and not to the subject-matter jurisdiction of the Georgia court.” E.L. v. V.L., 208 So.3d 1094, 1100 (Ala.Civ.App.2015). Our caselaw prohibits an inquiry into the merits of a foreign judgment. Pirtek USA, LLC v. Whitehead, 51 So.3d 291, 296 (Ala.2010) (“ ‘Full faith and credit prohibits an inquiry into the merits of the original cause of action.’ ” (quoting Tongue, Brooks & Co. v. Walser, 410 So.2d 89, 90 (Ala.Civ.App.1982))). Further, I fear that this case creates a dangerous precedent that calls into question the finality of adoptions in Alabama: Any irregularity in a probate court’s decision in an adoption would now arguably create a defect in that court’s subject-matter jurisdiction.

On Remand from the United States Supreme Court

PER CURIAM.
In accordance with V.L. v. E.L,, 577 U.S. -, 136 S.Ct. 1017, 194 L.Ed.2d 92 (2016), we vacate the September 18, 2015, judgment of this Court holding that the Court of Civil Appeals and the Jefferson Family Court erred in giving full faith and credit to the May 30,2007, adoption decree entered by the Superior Court of Fulton County, Georgia, declaring V.L. the adoptive parent of her then same-sex partner E.L.’s three children. Ex parte E.L., 208 So.3d 1102 (Ala.2015). In V.L., the United States Supreme Court held that the adoption decree appeared on its face to have been rendered by a court of competent jurisdiction and that that presumption of jurisdiction had not been rebutted. Inasmuch as there is no merit in E.L.’s other arguments asking this Court not to enforce the adoption decree, we affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
STUART, BOLIN, SHAW, MAIN, and WISE, JJ., concur.

. Under Georgia law, although the trial court may find that the requirements for an adoption were not met, it may nevertheless place custody of the child with the petitioners, an act antithetical to the idea that the court possesses no subject-matter jurisdiction. In re Stroh, 240 Ga.App. 835, 523 S.E.2d 887 (1999) (affirming the trial court’s denial of an adoption on the grounds that the petitioners were not residents of Georgia under Georgia Code Ann. § 19-8-3(a)(3), but nevertheless holding that the trial court erred in refusing to place custody of the child with the petitioners).