## 30484. CITIZENS TO SAVE PAULDING COUNTY et al. v. CITY OF ATLANTA et al.

GUNTER, Justice.

The appellants here were plaintiffs below, and they filed a complaint which sought to enjoin the City of Atlanta from consummating the purchase of land in Paulding County for a proposed airport site. The trial judge, on June 17, 1975 after a hearing, entered a judgment that denied injunctive relief sought by the plaintiffs.

The appellants' brief filed in this court states that "the City of Atlanta proceeded to purchase the property in Paulding County, which purchase was carried out on July 15, 1975."

It is thus clear that the transaction sought to be enjoined by appellants was consummated after the entry of the judgment from which the appeal is taken.

The filing of a notice of appeal in injunction cases does not serve as a supersedeas. Code Ann. § 6-1002(d). When a judgment is entered declining to enjoin the consummation of a future transaction, there is no legal impediment to prohibit the transaction from thereafter being effected. To erect such an impediment it is necessary for the losing party in the trial court to apply to the trial court for an injunction during the pendency of the appeal. If the trial court denies an injunction during the pendency of the appeal, the losing party in the trial court may then apply to the Supreme Court for an injunction pending the appeal. This procedure is required by the Civil Practice Act (Code Ann. § 81A-162).

When injunctive relief is denied at the trial level, and injunctive relief pending appeal is not allowed by either the trial court or the Supreme Court, the act or transaction sought to be enjoined can then be carried out. In other words, there is no legal prohibition against the consummation of the act or transaction. And once the act or transaction has been consummated, an appeal from the judgment that denied injunctive relief becomes moot. See *Endicott v. Glynn County*, 235 Ga. 667 (1975).

The act sought to be enjoined here was the purchase of land by the city; after a judgment denying the

injunction, the city purchased the land; and the present appeal from that judgment is now moot.
*Appeal dismissed. All the Justices concur.*

ARGUED NOVEMBER 17, 1975 — DECIDED JANUARY 28, 1976.

*Andrew Robert Greene,* for appellants.
*Henry L. Bowden, Robert S. Wiggins, Arthur K. Bolton, Attorney General,* for appellees.