S99A0153. JACKSON et al. v. BIBB COUNTY SCHOOL DISTRICT et al.

(515 SE2d 151)

THOMPSON, Justice.

Appellants are members of the Bibb County Citizens for Fiscal Responsible Government, who filed suit to enjoin appellee Bibb County School District from closing a contract for the purchase of 130 acres of land to construct educational facilities. It was alleged in the petition that the contract price "is grossly in excess of the fair market value," and, as such, constituted an illegal gratuity and a waste of public funds.[1] It was further alleged that unless injunctive relief is granted, appellants will complete purchase of the property "and thereby render the issues raised in the petition moot." A TRO was granted to maintain the status quo until the merits of the petition could be heard.

After hearing argument on the merits, the trial court dissolved the TRO and denied further injunctive relief on the basis that the contract involved an arm's length transaction between a willing buyer and seller, rather than an illegal gratuity.[2] Plaintiffs' attorney stated their intent to file a notice of appeal from that ruling "as soon as the court enters an order today." Defendants' attorney asked for

---

[1] On appeal, plaintiffs assert violations of 1983 Georgia Constitution, Art. III, Sec. VI, Par. VI (a) (prohibiting gratuities); and Art. I, Sec. II, Par. I (public officers are trustees of the people and are amenable to them).

[2] See generally *Harrison Co. v. Code Revision Comm.*, 244 Ga. 325 (9) (260 SE2d 30) (1979) (no illegal gratuity where consideration paid by state for services to be performed under terms of a contract).

clarification as to whether it may proceed with the closing: "Do I understand the Court's ruling that the parties to this contract can go ahead and consummate?" When the court responded in the affirmative, defendant's counsel volunteered: "Just so everybody will know where we're coming from. *Filing notice of appeal is not enough to stop that, and we intend to go ahead right now and close this thing.*" The court acknowledged: "There is no legal impediment as far as this case goes to the closing of the sale at this time." Plaintiffs did not seek supersedeas in the trial court, and the sale was consummated later that day. We dismiss this appeal as moot.

> It is a rather fundamental rule of both equitable jurisprudence and appellate procedure, that if the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot. To prevent such an appeal from becoming moot the appealing party must obtain a supersedeas.

*Board of Commrs. of Richmond County v. Cooper*, 259 Ga. 785 (387 SE2d 138) (1990). See also OCGA § 9-11-62 (a) (unless otherwise ordered by the court, final judgment in an action for an injunction shall not be stayed during pendency of an appeal). Accord *Citizens to Save Paulding County v. City of Atlanta*, 236 Ga. 125 (223 SE2d 101) (1976); *Padgett v. Cowart*, 232 Ga. 633 (208 SE2d 455) (1974).

In order to prevent their appeal from becoming moot, it was incumbent upon the plaintiffs to seek a supersedeas from the trial court, or from this Court in the event the trial court refused, to prevent an immediate sale of the property. See OCGA § 9-11-62 (c) (when appeal is taken from final judgment denying injunction the trial court may grant a supersedeas to stay transaction); *Board of Commrs. of Richmond County*, supra; *Citizens to Save Paulding County*, supra; *Padgett*, supra.

Contrary to plaintiffs' assertions, their litigation is not excluded from the mootness doctrine under *Collins v. Lombard Corp.*, 270 Ga. 120 (508 SE2d 653) (1998), as a matter in "which there is 'intrinsically insufficient time to obtain judicial relief for a claim common to an existing class of sufferers.'" Id. at 122. During the final hearing, plaintiffs were put on notice of defendants' intent to immediately consummate a sale of property. Since they were before the very tribunal which could have issued an order to protect their rights and maintain the status quo during pendency of the appeal, it cannot be argued that there was insufficient time to obtain judicial relief. Because resolution of this case "would amount to the determination of an abstract question not arising upon existing facts or rights," this appeal is moot. Id. at 122.

*Appeal dismissed. All the Justices concur.*

DECIDED APRIL 12, 1999 —
RECONSIDERATION DENIED MAY 3, 1999.

*Gambrell & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom, Christopher N. Smith,* for appellants.

*Jones, Cork & Miller, W. Warren Plowden, Hubert C. Lovein, Jr., Chambless, Higdon & Carson, James F. Carson, Jr.,* for appellees.