S99A1216. BROWN et al. v. SPANN et al.
(520 SE2d 909)

HUNSTEIN, Justice.

In 1997, appellants James Brown and Reginald Simmons, alleged investors in WMLD radio station, learned that the station's manager, Darrell Spann, was negotiating the sale of the station's broadcast license. Appellants filed a petition for accounting and appointment of a receiver in the superior court, alleging that the corporation was being fraudulently and negligently managed. They also filed a motion for interlocutory injunction, seeking to enjoin the proposed sale on the ground that Spann did not have the authority to sell the license, a major asset of the corporation. Spann contends that appellants are not investors in the corporation and that he, not the corporation, is the sole owner of the broadcast license.

A hearing on the motion was held on June 30, 1998, at which time the trial court denied the motion for interlocutory injunction and ordered certain proceeds of the sale to be deposited in the court's treasury. Appellants were also put on notice that the closing of the sale would take place between July 20 and August 5, 1998. Although appellants filed a notice of appeal, they never sought a supersedeas.

The closing took place on or about July 29, 1998.

Because the injunctive relief sought by appellants cannot now be granted, we find this appeal must be dismissed on the ground of mootness. *Cotton v. First Nat. Bank of Gwinnett County*, 235 Ga. 511 (220 SE2d 132) (1975). It is well established that " 'if the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot.' " *Jackson v. Bibb County Sch. Dist.*, 271 Ga. 18, 19 (515 SE2d 151) (1999); *Adams v. Smith*, 240 Ga. 436, 437 (241 SE2d 1) (1978). A case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights. *Chastain v. Baker*, 255 Ga. 432 (339 SE2d 241) (1986). " 'To prevent such an appeal from becoming moot the appealing party must obtain a supersedeas.' [Cit.]" *Jackson*, supra at 19. Further, the filing of a notice of appeal in injunction cases does not serve as a supersedeas. *Citizens To Save Paulding County v. City of Atlanta*, 236 Ga. 125 (223 SE2d 101) (1976).

Although appeals may be determined not to be moot even in the absence of a live controversy between the named parties, this is not such a case. See *Collins v. Lombard Corp.*, 270 Ga. 120, 121-122 (1) (508 SE2d 653) (1998) (appeal not moot where error is capable of repetition yet evades judicial review or there is " 'insufficient time to obtain judicial relief for a claim common to an existing class of sufferers . . . .' [Cit.]"). In *Jackson*, supra, we dismissed the appeal as moot because appellants failed to seek a supersedeas even though the sale took place only hours after the trial court's decision. We found that because appellants were before the "very tribunal which could have issued an order to protect their rights and maintain the status quo during pendency of the appeal, it cannot be argued that there was insufficient time to obtain judicial relief." Id. at 19. In the present case, appellants had ample notice of the closing date and sufficient time in which to seek a supersedeas yet they took no action to protect their rights.

Therefore, in the absence of evidence that this appeal presents issues capable of repetition yet evading review or that appellants had insufficient time to obtain judicial relief for a claim common to an existing class, the appeal must be dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Albert H. Dallas,* for appellants.
*Zachary & Segraves, Kenneth L. Levy, Kenneth W. Carpenter,*

*Mazursky & Dunaway, Randall A. Constantine, Leon Hicks,* for appellees.