## A00A0196. POETTER v. THE STATE.
### (536 SE2d 576)

MILLER, Judge.

On April 8, 1988, Louis Jerome Poetter pled guilty to nineteen counts of sodomy and one count of simple battery in the Superior Court of Douglas County, for which felony offenses he was sentenced to concurrent twenty-year terms, provided that, after serving eight years, Poetter would be eligible for *probation*. Effective January 23, 1996, the State Board of Pardons & Paroles ordered that Poetter be *paroled* "until the expiration of the confinement sentence(s)." Poetter planned to reside in Gwinnett County with his wife, and the Board's order specified that Poetter would be supervised by Parole Officer B. Crosby in Lawrenceville. One of the special conditions of the Board's parole order was that Poetter would not return to Douglas County. On April 23, 1999, the Superior Court of Douglas County issued an order under the original indictment number, reciting that the court deemed it "appropriate for the actual supervision of [Poetter] to be maintained by and through the Adult Probation Department of the Department of Corrections in Douglas County," and ordering that Poetter's parole supervision be transferred from Gwinnett County to

Douglas County. This order contains the certificate of the Douglas County District Attorney that he mailed a copy of the order to defendant, his counsel, the chiefs of Adult Probation in Gwinnett and Douglas Counties, the clerks of the respective superior courts, and an assistant attorney general.

Poetter's direct appeal to the Supreme Court of Georgia was transferred to the Court of Appeals. In three related enumerations of error, Poetter complains of the transfer of his parole supervision from Gwinnett County to Douglas County without notice.

An appellate court may hear and consider evidence outside the record as transmitted from the court below that an appeal has become moot.[1] As a friend of the court, the Attorney General submits this appeal is moot because Poetter's probation supervision has already been administratively transferred from Gwinnett County to Douglas County. This finding of fact is made in an order of the Gwinnett Superior Court in Poetter's habeas corpus petition, Civil Action No. 99A3349-5, which order is attached as an exhibit to the Attorney General's brief. Where the appellant either admits the existence of the fact of mootness as claimed by the appellee or fails to deny the existence of the same, the appeal will be dismissed.[2] Poetter has not denied the administrative transfer of his supervision. We therefore conclude the issues raised in this appeal are moot, subjecting Case No. A00A0196 to dismissal under OCGA § 5-6-48 (b) (3).[3]

*Appeal dismissed. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 29, 2000.

*Thomas E. Maddox, Jr.*, for appellant.
*David McDade, District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

---

[1] *Atlanta &c. R. Co. v. Blanton*, 80 Ga. 563, 565 (1) (6 SE 584) (1888).
[2] *Kappers v. DeKalb County Bd. of Health*, 214 Ga. App. 117, 118 (446 SE2d 794) (1994).
[3] Id.