S00M1906. VIRGINIA HIGHLAND CIVIC ASSOCIATION, INC.
v. PACE PROPERTIES, INC. et al.
(535 SE2d 230)

ORDER OF COURT.

Upon consideration of the motion for reconsideration, the motion is denied. Upon consideration of the motion for bond, the motion is remanded to the trial court for consideration under OCGA § 5-6-46 (a).

*All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

After the trial court denied injunctive relief in this case, appellant did not seek the trial court's issuance of a stay pursuant to OCGA § 9-11-62 (c). Instead, it applied directly to this Court for a stay, which we granted "through the pendency of the appeal." Subsequently, appellees moved that we reconsider and vacate the stay or, in the alternative, set an appeal bond. Today, a majority of the Court denies appellees' motion to reconsider and vacate, and remands the alternative motion for bond for consideration by the trial court. In my opinion, we should vacate our original grant of the stay. Therefore, I dissent.

Both the trial courts and the appellate courts of this state have the power to grant supersedeas. OCGA §§ 5-6-46 (d), 9-11-62 (e).

However, the mere fact that an appellate court has that power does not necessarily mean that it should exercise it indiscriminately. It is clearly established that, before the appellate court exercises its authority to grant supersedeas, the losing party should first seek a stay from the trial court that issued the order which is being appealed.

> The filing of a notice of appeal in injunction cases does not serve as a supersedeas. [Cit.] When a judgment is entered declining to enjoin the consummation of a future transaction, there is no legal impediment to prohibit the transaction from thereafter being effected. To erect such an impediment it is *necessary* for the losing party in the trial court to *apply to the trial court* for an injunction during the pendency of the appeal. *If the trial court denies* an injunction during the pendency of the appeal, the losing party in the trial court may *then* apply to the Supreme Court for an injunction pending the appeal. This procedure is *required* by the Civil Practice Act. ([OCGA § 9-11-62]).

(Emphasis supplied.) *Citizens to Save Paulding County v. City of Atlanta*, 236 Ga. 125 (223 SE2d 101) (1976). See also *Jackson v. Bibb County School Dist.*, 271 Ga. 18, 19 (515 SE2d 151) (1999).

Therefore, appellant's initial application for a stay must be addressed to the trial court which denied injunctive relief. OCGA § 9-11-62 (c). Also, appellees' invocation of the right to a bond pending appellant's appeal must first be raised in the court below. OCGA § 9-11-62 (c). If, but only if, the trial court denies supersedeas should this Court entertain appellant's request for a stay during the pendency of the appeal. OCGA § 9-11-62 (e). Because appellant failed to follow this "required" procedure, we should vacate our order granting the motion for a stay, and thereby clear the way for it to seek supersedeas below and, if granted, for appellees to move that the trial court require the posting of an appeal bond pursuant to OCGA § 5-6-46 (a). The majority refuses to enforce adherence to the requisite procedural mandate of the Civil Practice Act, and I dissent to the imposition of a stay. However, since the majority of this Court grants a stay, I agree that the case should be remanded for the trial court to set an appropriate bond.

ORDERED SEPTEMBER 8, 2000.

*Meadows, Ichter & Trigg, Michael J. Bowers, Christopher S. Anulewicz*, for appellant.

*Wilson, Brock & Irby, Larry M. Dingle, Richard W. Wilson, Jr., Stephen Rothman*, for appellees.