A01A1296. FINCHER v. FLEET MORTGAGE GROUP, INC. et al.
(555 SE2d 120)

POPE, Presiding Judge.

Tangie Fincher a/k/a Tangie Wiggley appeals the denial of her application for an interlocutory injunction. But she failed to obtain a supersedeas; and therefore her appeal is moot.

Ms. Fincher and her husband purchased a home and jointly borrowed money from Homebanc. The loan was secured by a deed to

---

secure debt in favor of Homebanc and a promissory note executed by both Mr. and Ms. Fincher. The couple failed to make payments due under the note, and Fleet Mortgage Group, Inc. and/or Fleet Mortgage Corporation ("Fleet"), the successor in interest to Homebanc, proceeded with foreclosure proceedings pursuant to the power of sale contained in the deed to secure debt. At some point, Ms. Fincher moved out of the property but failed to inform Fleet of her change of address.

Fleet eventually foreclosed and purchased the property at the foreclosure sale. Fleet then sought a writ of dispossession on the property. Ms. Fincher responded by bringing this action for wrongful foreclosure[1] and injunctive relief to prevent the dispossession. The trial court granted a temporary restraining order preventing dispossession, but denied the subsequent motion for a preliminary injunction to replace the temporary restraining order on the grounds that Fincher was not likely to prevail on the merits at trial. Fincher moved for a stay pending appeal, but did not post the security bond required to obtain the stay. Fincher appeals the denial of the injunctive relief to prevent dispossession, and no other issue is before us.

> It is a rather fundamental rule of both equitable jurisprudence and appellate procedure, that if the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot. To prevent such an appeal from becoming moot the appealing party must obtain a supersedeas. *Board of Commrs. of Richmond County v. Cooper*, 259 Ga. 785 (387 SE2d 138) (1990).

*Jackson v. Bibb County School Dist.*, 271 Ga. 18, 19 (515 SE2d 151) (1999). See also *Cotton v. First Nat. Bank &c.*, 235 Ga. 511 (220 SE2d 132) (1975). The dispossession has now taken place.[2] Because Fincher did not obtain a supersedeas, this appeal is dismissed as moot. We note, however, that this decision does not address the legality of the foreclosure sale. See *Cotton*, 235 Ga. at 512.

*Appeal dismissed. Blackburn, C. J., and Mikell, J., concur.*

---

[1] In her amended complaint, Fincher seeks either damages or equitable relief from the wrongful foreclosure. See *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285-286 (1) (443 SE2d 837) (1994) ("Where a grantee does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt, OCGA § 23-2-114, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure.").

[2] "An appellate court may hear and consider evidence outside the record as transmitted from the court below that an appeal has become moot." *Poetter v. State*, 244 Ga. App. 675, 676 (536 SE2d 576) (2000).

DECIDED OCTOBER 5, 2001.

*Marilyn S. Bright*, for appellant.

*Wood & Meredith, Hugh C. Wood, Dwight A. Meredith, Shapiro & Swertfeger, L. Jack Swertfeger, Jr.*, for appellees.