A03A2165. WILMINGTON TRUST COMPANY v. GLYNN COUNTY et al.
(595 SE2d 562)

ADAMS, Judge.

Only four days before a foreclosure sale for failure to pay ad valorem taxes, Wilmington Trust Company sought an injunction and a declaratory judgment regarding the taxability of an airplane in which it has title. It now appeals the decision of the Superior Court of Glynn County, which denied the injunction and found that the airplane was taxable under Georgia law.

The parties stipulated to the facts below. Wilmington, a nonresident, has title to a Boeing 727 that is configured for passenger use, but the airplane has not been operated since October 24, 1997.[1] Since that time, it has been parked at an airport in Glynn County for maintenance and repair. The Glynn County Board of Tax Assessors and the Glynn County Tax Commissioner assessed the aircraft and issued a bill for ad valorem taxes for the years 1999, 2000 and 2001. The bill went unpaid, and a levy was issued on the aircraft with a foreclosure sale scheduled for March 4, 2003. On February 28, 2003, Wilmington filed suit in the Superior Court of Glynn County seeking to enjoin the sale and seeking a declaration that the tax was "void for lack of statutory authority," arguing that under the circumstances the aircraft was not taxable. On March 4, the court issued an order denying the injunction and declaring that the aircraft is taxable in Glynn County. On that same day, Wilmington paid the tax commissioner the entire amount due, and therefore no foreclosure sale was required.

With regard to Wilmington's request for an injunction, the appeal is moot. The sale was obviated by Wilmington's decision to pay the taxes. With regard to the declaratory judgment, for the following reasons we reverse and remand with instruction to dismiss.

Wilmington argues that the aircraft is not taxable under Geor-

---

[1] The aircraft is titled in the name of "Wilmington Trust Company, Trustee" under a trust agreement with G. M. Aviation Services, S.A., which has an address in Luxembourg.

gia's ad valorem tax laws. This Court and the Supreme Court have consistently held that the board of equalization is the appropriate forum for deciding, among other things, questions of taxability. *Chatham County Bd. of Assessors v. Jepson*, 261 Ga. App. 771-772 (1) (584 SE2d 22) (2003), and cases cited therein. "[A]s a matter of public policy and judicial economy, tax questions should be resolved first at the local level through the appeal procedures created specifically for that purpose." Id. at 772. Such an appeal "provides an adequate remedy at law for the determination of county taxpayers' questions." Id.

> Two avenues of review are permitted by law in order to obtain relief from an improper tax assessment: (1) [Wilmington] could have appealed the notice of assessment pursuant to OCGA § 48-5-311 which allows appeals "as to matters of taxability, uniformity of assessment, and value"; or (2) [Wilmington] could have paid the amount assessed and sought a refund pursuant to OCGA § 48-5-380 which provides for refunds of taxes "erroneously or illegally assessed." Either statute provides an adequate remedy at law to contest a tax assessment.

(Citations omitted.) *Rockdale County v. Finishline Indus.*, 238 Ga. App. 467, 469 (2) (518 SE2d 720) (1999).

Wilmington must exhaust its administrative remedies by the statutorily provided appeal. Accordingly, the trial court should have dismissed this matter for failure to state a claim. See *Jepson*, 261 Ga. App. at 772 (1).

*Judgment reversed with direction. Andrews, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 19, 2004.

*Alan D. Tucker*, for appellant.
*Gary Moore, Aaron W. Mumford*, for appellees.