A06A0022. PLAYNATION PLAY SYSTEMS, INC. v. HAMMER
et al.
(627 SE2d 415)

ADAMS, Judge.

Following the grant of its application for interlocutory review, Playnation Play Systems, Inc. appeals from the trial court's order denying its motion for summary judgment against Gwen Hammer and David Howard. Because the trial court should have applied the doctrine of collateral estoppel and entered judgment in Playnation's favor with regard to Howard's liability, we reverse.

The facts in this case are undisputed. Playnation obtained a money judgment against Howard in January 2002. On April 30, 2002, Howard transferred his interest in a lot to Hammer. Three months later, Howard filed for Chapter 7 bankruptcy. Following a two-day trial, the bankruptcy court entered a judgment finding that Howard was not entitled to discharge his debts because he transferred property within one year of petitioning for bankruptcy "with actual intent to hinder, delay, or defraud his creditors." See 11 USCA § 727 (a) (2). Playnation is listed as a plaintiff in the adversary proceeding[1] against Howard, who is listed as the defendant.

Less than one month after successfully objecting to Howard's discharge in bankruptcy, Playnation filed the underlying suit against Howard and Hammer, requesting that the court set aside the fraudulent conveyance and award damages, including punitive damages, as well as attorney fees, for the defendants' fraudulent conveyance under OCGA § 18-2-22. Relying on the bankruptcy court's judgment, Playnation promptly moved for summary judgment in its favor regarding the defendants' liability for fraudulently conveying the property. Playnation also moved for a judicial declaration voiding the conveyance. The trial court denied Playnation's motion in a cursory order finding "genuine issues of material fact."[2]

---

[1] Bankruptcy Rule 4007 (a) provides that "[a] debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt." Such a determination may be sought in an "adversary proceeding." See Bankruptcy Rule 7001 (4), (6).

[2] After this Court granted Playnation's application for interlocutory appeal, Playnation settled its claims against Hammer, rendering the propriety of the trial court's ruling with regard to Hammer moot. The trial court's denial of Playnation's request to set aside the fraudulent conveyance is also moot, because Hammer conveyed the property at issue to Playnation pursuant to the settlement. See *Poetter v. State*, 244 Ga. App. 675, 676 (536 SE2d

On appeal, Playnation contends the trial court erred by failing to apply the doctrine of collateral estoppel and enter summary judgment in its favor with regard to Howard's liability for fraudulently conveying the property to Hammer. We agree.

> Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim. Furthermore, collateral estoppel only precludes those issues that actually were litigated and decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been rendered.

*Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866-867 (2) (463 SE2d 5) (1995).

In this case, an identity of issues and parties exists. The issue actually decided in Howard's bankruptcy case was that he transferred the property "with actual intent to hinder, delay, or defraud his creditors." The issue to be decided in the underlying case with regard to Playnation's claim for damages for fraud is identical. OCGA § 18-2-22 (2) (2001) provides that "[e]very conveyance of real . . . estate . . . made with intention to delay or defraud creditors" is deemed "fraudulent in law against creditors."[3] See also *Kesler v. Veal,* 257 Ga. 677, 678 (362 SE2d 214) (1987) (holding award of general and punitive damages permitted under OCGA § 18-2-22, a predecessor statute of OCGA § 18-2-74).

An identity of parties also exists because the bankruptcy court order lists Playnation as a plaintiff against Howard in the adversary proceeding to determine if Howard was entitled to discharge his debts in bankruptcy.

Based on the identity of parties and issues in the bankruptcy case and the underlying case, collateral estoppel precludes Howard from

---

576) (2000) (court can determine issue on appeal is moot based on evidence outside the record transmitted from the court below).

[3] While OCGA § 18-2-22 was repealed on July 1, 2002, when Georgia enacted the Uniform Fraudulent Transfers Act, OCGA § 18-2-70 et seq., this repeal did not extinguish causes of action that arose under OCGA § 18-2-22 before that date. *Chepstow Ltd. v. Hunt,* 381 F3d 1077, 1087 (11th Cir. 2004).

relitigating the fraud issue, and the trial court erred when it denied Playnation's motion for summary judgment in its favor with regard to Howard's liability for fraud.

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 20, 2006.

*Marc B. Hershovitz*, for appellant.
*Allman & Peters, James P. Peters, Bill M. Mohr*, for appellees.