**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 15, 2014**

# In the Court of Appeals of Georgia

A14A1479. GOODRICH v. BANK OF AMERICA, N.A.

BARNES, Presiding Judge.

Marilyn E. Goodrich sued Bank of America, N.A., on December 1, 2011 to enjoin the then-pending foreclosure on her property. The litigation has followed a long and tortuous path through the courts, and is now before us on Goodrich's direct appeal of the dismissal of her previous appeal for failure to pay costs. Goodrich has filed separate cases in federal court on her wrongful foreclosure claim and in superior court on her wrongful dispossessory claim. In this case Goodrich sought an injunction against the foreclosure, but because the foreclosure was completed more than two years ago, the issue is moot. Accordingly, this appeal is dismissed.

Goodrich has filed several appeals in this case. In April 2012, she filed a direct appeal of the trial court's March 15, 2012, order requiring her to pay past-due mortgage payments into the court registry before the court would entertain her

petition for an injunction. Acting upon the bank's motion, the trial court dismissed that appeal in October 2012 on the ground that Goodrich should have obtained a certificate of immediate review and filed an application for interlocutory appeal under OCGA § 5-6-34 (b) rather than a direct appeal.

Goodrich then filed an application for a discretionary appeal. Because the dismissal of an appeal by a trial court is directly appealable, *Castleberry's Food Co. v. Smith*, 205 Ga. App. 859, 860 (424 SE2d 33) (1992), this court granted the application and directed Goodrich to file a notice of appeal with the trial court within ten days if she had not already done so. Consequently, Goodrich filed a notice of direct appeal with the trial court on December 5, 2012. In May 2013, the bank moved the trial court to dismiss Goodrich's notice of appeal for failure to pay costs. After a hearing in September 2013, the trial court granted the bank's motion to dismiss the appeal on October 9, 2013, finding that Goodrich had failed to pay costs and failed to rebut the presumption that her delay of more than eight months in paying costs was unreasonable and inexcusable.

Goodrich then filed a notice of appeal from the trial court's order dismissing her appeal, designating a list of pleadings for inclusion in the record. She filed amended notices of appeal on October 30, 2013, and November 14, 2013. Then, on

December 4, 2013, Goodrich filed her fourth amended notice of appeal, this time to the Georgia Supreme Court instead of the Court of Appeals. She stated in the notice that the trial court's orders "changed the jurisdiction from the GA Court of Appeals to the GA Supreme Court because of the issue of access to the Appellate Courts found in the GA Constitution Bill of Rights Article I, Section I, Paragraph XII." She directed the trial court clerk to omit everything from the record except her notices of appeal and a transcript of the hearing on March 15, 2012, because she had filed a Record Appendix with the Supreme Court of Georgia.

In March 2014, the Supreme Court of Georgia transferred Goodrich's appeal to this court by order, holding that even if Goodrich's allegation — that the lower court was denying her access to the appellate courts — was true, the Supreme Court had no jurisdiction over the appeal because the issue was not raised or ruled on at the trial court level. This appeal was thus docketed in this court on April 15, 2014.

Goodrich has enumerated ten errors challenging the propriety of the trial court's March 15, 2012, order requiring Goodrich to pay past-due mortgage payments into the court registry or its order dismissing her October 2012 appeal, the merits of the bank's assignment of the note secured by Goodrich's property, the denial of her motion to consolidate this case with the dispossessory case, the validity of the court's

3

electronic signature on an order, and the court's failure to set a hearing "to determine the contents of the Record to be forwarded to [the] Appellate Courts." Before we consider whether these enumerations have merit, we must first consider the bank's motion to dismiss this appeal as moot.

"It is a rather fundamental rule of both equitable jurisprudence and appellate procedure, that if the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot." *Jackson v. Bibb County School Dist.*, 271 Ga. 18, 19 (515 SE2d 151) (1999); *Adams v. Smith*, 240 Ga. 436, 437 (241 SE2d 1) (1978). "A case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights. To prevent such an appeal from becoming moot the appealing party must obtain a supersedeas" to stay the transaction. (Citations and punctuation omitted.) *Brown v. Spann*, 271 Ga. 495, 496 (520 SE2d 909) (1999).

In her initial complaint, Goodrich sought to enjoin the foreclosure of her property, arguing that errors in the assignment of the security deed and note should prevent the bank from being a party to the foreclosure. She asked for no other relief. She obtained a temporary protective order, and upon the bank's motion to dissolve the protective order or require her to pay the past-due mortgage payments into the

4

court registry, the trial court ordered the latter by April 2, 2012, and held the petition for an injunction "in abeyance" until the parties returned for a hearing on April 3, 2012 to address the status of the payments. Goodrich did not make payment into the court registry, instead filing a notice of appeal on April 3, 2012. Goodrich filed a motion on April 11, 2012, to set aside the foreclosure that took place after 10:00 a.m. on April 3, 2012, arguing that "Cobb County did not have jurisdiction in this matter at the time of the auction" because she had filed a notice of appeal at 9:48 a.m. that morning. She also argued that the bank was not a secured creditor because of the allegedly improper assignment and that the bank had no equitable claim because it made a demand for full payment of the loan knowing that the trial court had ordered her to pay less than that into the court registry.

Goodrich has been attempting to appeal the trial court's March 15, 2012 order since April 3, 2012. But the only relief she requested in her initial complaint was to enjoin the foreclosure. Further, Goodrich stated both in her initial brief to this court and in her response to the bank's motion to dismiss that she has a case pending in federal court for wrongful foreclosure, which she filed on January 23, 2013, "because of delays caused by Bank of America" in this case. The federal court has abstained from ruling further and suspended discovery, according to Goodrich, but that case

may be re-opened per order of the district court judge once this case has completed its journey through the state court system.

We agree with the bank that the questions presented in this appeal are moot because the foreclosure Goodrich sought to enjoin has already taken place. While Goodrich argues in her response to the motion to dismiss that other issues remain, a review of her initial petition confirms that, while Goodrich raised arguments about the validity of the bank's loan assignment, the only relief she sought was an injunction. This issue is therefore moot, and this appeal is therefore dismissed. See *Faulkner v. Ga. Power Co.*, 241 Ga. 618, 621 (247 SE2d 80) (1978) (appeal moot because "no injunction pending appeal was sought and the act sought to be restrained was completed during the pendency of the appeal"); *Cotton v. First Nat. Bank*, 235 Ga. 511, 512 (220 SE2d 132) (1975) ("[T]he injunctive relief sought by plaintiffs, and which was denied by both courts, was to stop the foreclosure. The foreclosure sale has taken place. Thus, the very event sought to be restrained from happening has in fact occurred."); *Brown v. Auchmuty*, 232 Ga. 879 (209 SE2d 209) (1974) (appeal dismissed because construction of house appellant sought to enjoin had been completed).

6

Appellant's motion to dismiss the appeal as moot is hereby GRANTED.[1]

*Appeal dismissed. Boggs, and Branch, JJ., concur.*

---

[1]Goodrich's "motion for determination of jurisdiction" regarding her claim that she was denied access to the appellate court when the trial court twice dismissed her notices of appeal, "motion to correct docketing clerical error" regarding the identity of counsel for the bank, and motion to supplement the record are hereby DENIED.