# Court of Appeals
# of the State of Georgia

ATLANTA,  April 12, 2017

*The Court of Appeals hereby passes the following order:*

A17E0043. THE CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA, REVENUE DIVISION, OCCUPATIONAL TAX SECTION, et al. v. P&J BEVERAGE CORPORATION d/b/a FORREST ROAD PACKAGE STORE.

P&J Beverage Corporation filed this action in the Superior Court of Muscogee County against the Consolidated Government of Columbus, Revenue Division, Occupational Tax Section, and Angelica Alexander (collectively, "Columbus") and against The Bottle Shop, challenging Columbus's issuance of an off-premises alcohol license to The Bottle Shop. The trial court determined that the license was improperly issued because The Bottle Shop is located within 600 feet of The Growing Room, a day care center, and determined that the Growing Room is a "school" within the terms of a state statute and a local ordinance prohibiting the sale of liquor within 600 feet (200 yards) of a school. In an order entered March 23, 2017, the trial court granted P&J Beverage Corporation's motion for summary judgment, enjoined The Bottle Shop from operating under the license, and ordered Alexander to institute the steps reasonably necessary to show on the public record of Columbus that the license was invalid and to prohibit anyone from operating under the license. The Bottle Shop and Columbus requested a stay pending appeal, which the trial court denied. See OCGA §§ 9-11-62 (a) (a notice of appeal from an interlocutory or final judgment in an action for an injunction shall not act as supersedeas); (c) ("When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.").

The Bottle Shop and Columbus filed notices of appeal from the March 23, 2017 order. The appeals have not yet been docketed in this Court. The appellants also filed these emergency motions in this Court for supersedeas pending appeal. See 9-11-62 (e) ("The provisions in [OCGA § 9-11-62] do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve that status quo or the effectiveness of the judgment subsequently to be entered."). The Bottle Shop contends that it will sustain severe financial harm if it is compelled to cease operations during the pendency of the appeal. Columbus contends that the trial court's legal determination that a daycare center is a school within the terms of the applicable liquor licensing statutes and ordinances is incorrect and that, until the trial court's March 23, 2017 order is reversed on appeal, Columbus will be required to apply the trial court's definition of "school" in considering future license applications.

The appellants having shown grounds for preserving the status quo pending appeal, this Court in the exercise of its inherent power hereby grants supersedeas . OCGA §§ 5-6-46 (d); 9-11-62 (e); Court of Appeals Rule 40 (b). Accordingly, the emergency motions are hereby GRANTED and the injunctive relief granted by the trial court is suspended pending disposition of the related appeals. See Virginia Highland Civic Assn., Inc. v. Pace Properties, Inc., 272 Ga. 723, 724 (535 SE2d 230) (2000) (Any invocation of the right to a supersedeas bond pending appeal must be raised in the trial court.).



*Court of Appeals of the State of Georgia*
*Clerk's Office,*
*Atlanta,* __04/12/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*