**THIRD DIVISION
ELLINGTON, P. J.,
ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**September 8, 2017**

# In the Court of Appeals of Georgia

A17A1590. CRAWFORD et al. v. OCWEN LOAN SERVICING, LLC.

ELLINGTON, Presiding Judge.

Donovan and Claudine Crawford filed pro se this petition for a temporary restraining order or preliminary injunction in the Superior Court of Fulton County against Ocwen Loan Servicing, LLC, seeking to stop the foreclosure of their home. Ocwen filed a motion to dismiss the complaint; the Crawfords did not file any response to the motion. The trial court determined that the Crawfords' petition was moot and dismissed the complaint. The Crawfords appeal. For the reasons explained below, we affirm.

> A motion to dismiss for failure to state a claim should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable

facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation and punctuation omitted.) *Sparra v. Deutsche Bank Nat. Trust Co.*, 336 Ga. App. 418, 419-420 (1) (785 SE2d 78) (2016).

The Crawfords' complaint shows that in March 2007 they executed a security deed in favor of their lender, Option One Mortgage Corporation. On October 6, 2015, the Crawfords received a Notice of Sale Under Power to be conducted on the first Tuesday in November 2015. The notice and accompanying letter, which were prepared by the Weissman, Nowack, Curry & Wilco P.C. law firm and dated October 2, 2015, indicated that the security deed was last transferred to Well Fargo Bank, NA, as Trustee for Soundview Home Loan Trust 2007-Opti, Asset-Backed Certificates, Series 2007-Opti. The notice and letter stated that the entity that had full authority to modify the terms of the mortgage with the Crawfords was Ocwen.

According to the complaint, Ocwen and Wells Fargo told the Crawfords "that they were not pursuing the Sale under Power as this time." In ruling on Ocwen's motion to dismiss, the trial court determined that the complaint on its face showed that the event the Crawfords sought to enjoin, the foreclosure sale noticed for the first

2

Tuesday in November 2015, was not going forward. Noting that the Crawfords had not amended their petition to add a claim for wrongful foreclosure, the trial court dismissed the Crawfords' petition for injunctive relief as moot.

On appeal, the Crawfords do not articulate any basis for concluding that the trial court erred in ruling that their petition for injunctive relief is moot. They argue instead that Ocwen lacks a legally cognizable interest in the property and therefore lacks standing to seek relief from the trial court. They contend that their action "clearly support[s] a claim for wrongful foreclosure" because they have shown that Ocwen is not the holder of the note. Given that the Crawfords petitioned only for injunctive relief, however, the issue whether they could support a claim for wrongful foreclosure against Ocwen, Wells Fargo, or any other party, was not before the trial court and is not before this Court. *Humphrey v. JP Morgan Chase Bank, N.A.*, 337 Ga. App. 331, 333 (1) (b) (787 SE2d 303) (2016); *Moore v. Bank of Fitzgerald*, 225 Ga. App. 122, 127 (2) (d) (483 SE2d 135) (1997).

Injunctive relief by its nature must be prospective.[1] "If the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot. A

---

[1] See *Krystal Co. v. Carter*, 256 Ga. 43, 44 (2) (343 SE2d 490) (1986); *Looper v. Georgia, Southern & Florida R. Co.*, 213 Ga. 279, 281-282 (1) (99 SE2d 101) (1957).

case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights." (Citations and punctuation omitted.) *Clark v. Deal*, 298 Ga. 893, 894 (2) (785 SE2d 524) (2016). Thus, when the injunctive relief sought by the plaintiffs is to stop a foreclosure, the requested injunctive relief can no longer be granted once the foreclosure sale had taken place, and the issues raised in the petition are moot. *Cotton v. First Nat. Bank of Gwinnett County*, 235 Ga. 511, 512 (220 SE2d 132) (1975). See *Goodrich v. Bank of America, N.A.*, 329 Ga. App. 41, 43 (762 SE2d 628) (2014) (accord).

Conversely, if the event sought to be enjoined in fact *will not* take place, the grant or denial of an injunction may also become moot.[2] In *Wilmington Trust Co. v. Glynn County*, 265 Ga. App. 704 (595 SE2d 562) (2004), for example, a county planned to auction an airplane to collect unpaid ad valorem taxes. The trial court determined that the county had the authority to impose the tax and denied the taxpayer's petition to enjoin the foreclosure, and the taxpayer appealed. Id. The taxpayer's appeal from the denial of the requested injunction became moot, however,

---

[2] See 42 Am. Jur. 2d Injunctions § 4 (Second Edition, August 2017 update) ("Injunctive relief will be denied where the controversy underlying such requested relief has become moot. The defendant's voluntary cessation of the conduct for which such relief is sought will render the controversy moot provided that it is absolutely clear that such conduct cannot reasonably be expected to recur.") (footnotes omitted).

when the taxpayer paid the tax commissioner the entire amount due, which obviated the need for the foreclosure sale. Id. Similarly, in this case, the record showed that, a year after the scheduled foreclosure, Ocwen was not pursuing a sale under power. Thus, the injunctive relief the Crawfords requested could no longer be granted and their petition was therefore moot, as the trial court correctly determined. *Clark v. Deal*, 298 Ga. at 894 (2); *Wilmington Trust Co. v. Glynn County*, 265 Ga. App. at 704.

 *Judgment affirmed. Andrews and Rickman, JJ., concur*.